```
 1 | HARRIET ROSS SB25124
   | On Embarcadero Center (Suite 500)
 2 | San Francisco, CA 94111
   | Tel:   (415) 775-3523
 3 | Fax:   (415) 775-7491
 4 | Attorney for
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY GIVENS | Case No. C 07 2861 |
| Plaintiff, | COMPLAINT FOR DAMAGES |
| vs | JURY TRIAL DEMANDED |
| City and County of San Francisco, a Municipal Corporation, Police Officers RODRIGUEZ No. 156; CABUNTALA, No. 7523; CORREA, No. 4210.; DIZON, No. 110; LAZANO, No. 554; and MASON, No 1703, McGuire No. 4214, individually and San Francisco Police Officers, | |
| Defendants. | |

I.  **INTRODUCTION**

   1. This is an action brought by Plaintiff for compensatory and punitive money damages, and declaratory and injunctive relief, against the defendants above-named San Francisco Police Officers, and the City and County of San Francisco, a municipal corporation., and other officials and policy makers yet to be named, for violating his civil rights, when the named police officers, attacked, and injured the plaintiff during an arrest in the City and County of San Francisco on October 22, 2006. The result of this violent, intentional and unconstitutional conduct was severe physical and emotional damage to plaintiff. As a proximate result of the beating in the hands of

COMPLAINT                                    1

...

the defendants, plaintiff suffered permanent injuries to his eyes, head, back and neck and body.

## II   JURISDICTION AND VENUE

2. This Court has jurisdiction of these claims under the Federal Civil Rights Act, 42 USC Sec. 1983, the United States and California Constitution, California and Federal Constitution law, and California Civil Code Sec. 52.1, 52, 1708 and 3333,

3. Venue in this Court is proper because the acts complained of occurred in the city of City and County of San Francisco, California and the parties all live, work or are situated in the City and County of San Francisco, California..

4. Plaintiff filed a claim with the City and County of San Francisco, November 15, 2006. The claim was denied on December 1, 2006.

## II   PARTIES

5. Plaintiff, Henry Givens is a U. S. citizen and resident of San Francisco, California.

6. Defendant City and County of San Francisco is a municipal corporation under the laws of the State of California.

7. Defendants Police officers, Rodriguez, Cabuntala, Correa, Dizon, Lazano, Mason and McGuire are employed as Police Officers by the Police Department of the City and County of San Francisco.. Plaintiff was unable to obtain the given names of said defendants but will substitute those names when obtained.

8.. The individual defendants,, carried out the actions complained of in their individual capacities, under color of state law, in the course and scope of their employment as police officers of the San Francisco Police Department..

9. The City and County of San Francisco is obliged, under Cal. Government Code Sec. 825(a), to pay any compensatory damages awarded against the individual officers. All defendants are jointly and severally liable for any damages awards.

COMPLAINT                                                                 2

**IV. FACTUAL ALLEGATIONS** (Related to all Causes of Action)

10. On or about October 22, 2006, at 1:30 hours, near Newhall & McKinnon streets in San Francisco. plaintiff was driving a rental car upon which the lease had expired.,Plaintiff observed a marked police car following him, fearing that he would be stopped, arrested, if stopped beaten up. (The police in the area had a reputation for abusing arrestees), he drove to 56 Bay View,San Francisco, rang the door bell of his friend's house to obtain a witness to his arrest. He then laid on the sidewalk face down as the police officers approached him anticipating that that would be their order to do. The police officers came to him and beat him around the upper body, using batons, and fists and kicked him . The brutality of the conduct of the police resulted in Plaintiff being taken to the hospital for treatment for injuries to his face, back, neck, eyes and lower extremities.

At the time of the beating Plaintiff was not resisting the officers but making every effort to cooperate with them.

11. As a direct and proximate result of the beating, Plaintiff still suffers complaints from disabilities caused by this beating and also his eyesight has been adversely effected. At the time that this beating of plaintiff took place, he was not resisting arrest, but was cooperating with the officers.

**V.    CAUSES OF ACTION**

**FIRST CAUSE OF ACTION**
**Unnecessary, Unreasonable, and Excessive Force**
**42 U.S.C. Sec 1983, Fourth Amendment to the U.S. Constitution**

12. Plaintiff hereby incorporates the allegations of paragraphs 1-11 herein. The use of excessive force on the Plaintiff in beating him unmercifully without any justification, causing injuries, defendants used unnecessary, unreasonable and excessive force, in violation of plaintiff's Fourth Amendment rights.

13.. Defendant City and County of San Francisco is liable for maintaining a policy, custom, or practice of permitting or encouraging excessive force by its police officers, by failing

COMPLAINT                                    3

1 to properly hire, train, supervise, or discipline them, thus demonstrating the City and County of
2 San Francisco ratification, condonation and acquiescence in the use of excessive force, per
3 *Monell v. New York Department of Social Services,* 436 U. S. 658, 691(1978), and its progeny.
4 Contra Costa County's policymakers acted with actual knowledge constructive knowledge and/or
5 deliberate indifference to plaintiff's constitutional rights.

**SECOND CAUSE OF ACTION**
**Assault and Battery, California Penal Code Sec. 240 and 242,**
**Cal. Constitution, Art. I, Sec 1 and 13; Cal. Civil Code Sec. 1708 and 3333**
**Cal, Gov't Code Sec. 815.6, and California Common Law**
**(All Defendants)**

14. The Plaintiff hereby incorporates paragraphs 1-13 herein. For the misconduct described under the first cause of action, defendants are also liable for assault and battery under California law.

15. Defendant City and County of San Francisco is liable for breaching mandatory duties to investigate, punish and prevent police officers for their misconduct and to protect arrestees from excessive force by said police officers,, which proximately caused plaintiff's injuries herein, California Gov't Code Sec. 815.6.

**THIRD CAUSE OF ACTION**
**Intentional Infliction of Emotion Distress**
**California Common Law**
**(All Defendants)**

16. Plaintiff incorporates by reference paragraphs 1-15 herein. Defendants, the above-named police officers, are liable for the emotional distress they caused plaintiff by their shocking and outrageous action, including without limitation that which resulted from the brutal attack,

**FOURTH CAUSE OF ACTION**
**Violation of California Civil Rights**
**Bane Act, Cal. Civil Code Sec. 52.1 and 52**
**(All Defendants)**

COMPLAINT                                4

17. Plaintiff incorporates by reference, paragraphs 1 - 16 herein. Defendants Rodriguez, Cabuntala, Carrera, , Dizon, Lazano and Mason and each of them interfered by threats, intimidation and coercion with plaintiff's rights to due process, and to be free of assault and battery and assault to commit great bodily injury, as guaranteed by 42 U.S.C. Sec. 1983, the First and Fourth amendments to the U. S. Constitution, Article 1, Secs. 1, 2, 7 and 13 of the California Constitution, Cal. Civil Code Sec. 1708, California Common Law.

18.. Pursuant to California Civil Code Sec. 52(a), (b), plaintiff is entitled to up to three times his actual damages, and to exemplary damages; to civil penalty of $25,000.00 for each violation of his rights and to attorney's fees in an amount to be determined by the Court.

**FIFTH CAUSE OF ACTION**
**Failure to Intervene**
**California Common Law**
**(All Defendants in the Jail Safety Cell)**

19. Plaintiff incorporates by reference, paragraphs 1-18, herein.. The above-named defendants are each liable for failing to intervene in or to stop or mitigate the assault and battery, intentional infliction of emotional distress committed by each of said defendants.

**SIXTH CAUSE OF ACTION**
**Negligence**
**California Common Law**
**(All Defendants)**

20 Plaintiff incorporates by reference, paragraphs 1-19 herein. The individual defendants, in committing all the aforementioned wrongs, breached their duties to plaintiff to exercise reasonable care in the performance of their official duties, including without limitation their record keeping duties and their duties to comply with Departmental orders, policies, regulations and training, and thereby proximately caused plaintiff's injuries, damages and losses.

**VI. NO IMMUNITY**

21. Regarding all actions and causes of action herein and stated, all defendants, violated rights held by plaintiff which were clearly established, and no reasonable official similarly

COMPLAINT                                   5

situated to any of the defendants could have believed that his conduct was lawful or within the bounds of reasonable discretion. All individual defendants, , thus lack qualified or statutory immunity from suit or liability.

## VII. DAMAGES AND REMEDIES

### A. Monetary Damages

22. As an actual and proximate result of the wrongs complained of, plaintiff suffered general and special compensatory damages including direct, indirect and emotional damage, presumed damages, and nominal damages, well in excess of the jurisdiction minimum of $25,000.00, in amounts to be determined at the trial of fact.

23. In addition, the individual defendants' (including individual Doe defendants) are liable to plaintiff for punitive (exemplary) damages for their malicious and oppressive conduct, as described in all of the foregoing paragraphs, in amounts to be determined by the trier of fact.

24. Plaintiff is entitled to nominal damages for the violation of his civil right to be **free** of physical and emotional abuse by persons acting under color of law, a violation of the Fourth Amendment of the United States Constitution.

### B. Injunctive and Declaratory Relief

25. Plaintiff is also entitled to, and prays for, declaratory relief, and one or more injunctions commanding the City and County of San Francisco to take steps to protect distressed citizens.

## VIII. JURY TRIAL DEMAND

26. Plaintiff demands a trial by jury as to each and every count against each and every defendant.

## IX. PRAYER FOR RELIEF

COMPLAINT                                                6

27. **WHEREFORE,** plaintiff prays for relief as follows:

(1) for general and special compensatory damages, (including direct, indirect and emotional damages}, presumed damages, and nominal damages, well in excess of the jurisdictional minimum of $25,000.00 in amounts to be determined by the trier of fact.

(2) For punitive (exemplary) damages against the individual defendants, in amounts to be determined by the trier of fact.

(3) for three times the actual damages awarded, and for a civil penalty of $25,000.00 for each violation which occurred pursuant to Cal. Civil Code Sec52.1 and 52(a), (b),

(4) for reasonable attorney's fees and costs and expenses of litigation, pursuant to 42 U.S.C. Sec. 1983, Cal. C.C.P. Sec 1021.5, and Civil Code Sec. 52(b)(3);

(5) for declaratory relief, and one or more injunctions. as described in VII, B;

(6) for such other relief as the Court deems just and proper.

Dated:  June 1, 2007..

_____
HARRIET ROSS, Attorney for Plaintiff

COMPLAINT                                   7