1  DENNIS J. HERRERA, State Bar #139669
   City Attorney
2  JOANNE HOEPER, State Bar #114961
   Chief Trial Deputy
3  DAVID B. NEWDORF, State Bar #172960
   JAMES F. HANNAWALT, State Bar #139657
4  Deputy City Attorneys
   Fox Plaza
5  1390 Market Street, 6th Floor
   San Francisco, California 94102-5408
6  Telephone:     (415) 554-3892
   Facsimile:      (415) 554-3837
7  E-Mail:         david.newdorf@sfgov.org

8
   Attorneys for Defendants
9  CITY AND COUNTY OF SAN FRANCISCO, et al.

10

11

12              UNITED STATES DISTRICT COURT

13            NORTHERN DISTRICT OF CALIFORNIA

14  HENRY GIVENS,                          | Case No.  C 07 2861 JL

15           Plaintiff,                    | DEFENDANTS' MOTION TO DISMISS
                                           | AMENDED COMPLAINT FOR
16        vs.                              | FAILURE TO STATE A CLAIM [FRCP
                                           | 12(B)6] AND MOTION TO STRIKE
17  CITY AND COUNTY OF SAN                 | PRAYER FOR INJUNCTIVE RELIEF
    FRANCISCO, A MUNICIPAL
18  CORPORATION, POLICE OFFICERS
    RODRIGUEZ NO. 156; CABUNTALA,          | Hearing Date:       September 12, 2007
19  NO. 7523; CORREA, NO. 4210; DIZON,     | Time:               9:30 am
    NO. 110; LAZANO, NO. 554; AND          | Place:              Courtroom F,
20  MASON, NO. 1703, MCGUIRE NO.           |                     15th Floor
    4214, INDIVIDUALLY AND SAN
21  FRANCISCO POLICE OFFICERS,

22           Defendants.

23

24

25

26

27

28

MOTION TO DISMISS AMENDED COMPLAINT                    n:\lit\li2007\071621\00429143.doc
CASE NO.  C 07 2861

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................................. iii

NOTICE OF MOTION AND MOTION .................................................................................1

MEMORANDUM OF POINTS AND AUTHORITIES ..........................................................2

INTRODUCTION ..................................................................................................................2

PLEADED FACTS .................................................................................................................2

ALLEGED CLAIMS ..............................................................................................................3

LEGAL ARGUMENT ............................................................................................................3

I.      THE POLICE CHIEF IN HER OFFICIAL CAPACITY IS IMMUNE TO THE
        EXTENT THE CITY IS IMMUNE..............................................................................3

II.     PLAINTIFF'S AMENDED COMPLAINT ALLEGES NO FACTS TO
        SUPPORT A CLAIM THAT CITY POLICY AND PRACTICE WAS THE
        MOVING FORCE IN THE ALLEGED USE OF UNREASONABLE FORCE
        IN ARRESTING PLAINTIFF. ....................................................................................4

III.    PLAINTIFF'S CLAIM THAT THE CITY FAILED TO PROPERLY HIRE,
        TRAIN, SUPERVISE OR DISCIPLINE FAILS TO STATE A CAUSE OF
        ACTION. ....................................................................................................................4

IV.     THE ONLY LEGAL THEORIES SUPPORTING PLAINTIFF'S BATTERY
        CLAIM ARE 42 USC § 1983 AND A STATE LAW TORT CLAIM FOR
        BATTERY BY A POLICE OFFICER ..........................................................................6

        A.      California Penal Code Sections 240 And 242, And Civil Code Sections
                1708 And 3333, Do Not Provide A Statutory Basis For Liability
                Against Individual Officers Or The City. ......................................................6

        B.      Neither The City Nor Individual Officers Are Liable Under
                Government Code Section  815.6. ..................................................................6

        C.      There Is No Implied Private Cause Of Action For Damages Under The
                State Constitutional Provisions Alleged In The Complaint. ..........................6

        D.      Police Officers Can Only Be Liable For Use Of Force Under State Law
                When The Elements Of A "Battery By A Peace Officer" Are Met.............7

                1.      Under State Law, Plaintiff Must Prove That The Use Of Force
                        Was Unreasonable. ..........................................................................8

                2.      When A Peace Officer's Use Of Force Is Privileged Under The
                        Penal Code, There Is No Tort Liability Under Any Legal
                        Theory, Including Negligence. ......................................................10

        E.      There Is No Statutory Basis For Public Entity Liability Under
                Plaintiff's Plethora of Common Law Claims................................................11

V.      PLAINTIFF DOES NOT PLEAD A CLAIM FOR VIOLATION OF
        CALIFORNIA CIVIL CODE SECTION 52.1...........................................................12

VI.    PLAINTIFF FAILS TO ALLEGE A CLAIM FOR INJURIES OCCURRING
       IN THE CITY'S JAIL SAFETY CELL ....................................................................13

VII.   PLAINTIFF'S CLAIM FOR INJUNCTIVE RELIEF SHOULD BE
       STRICKEN ...................................................................................................................14

       A.    The Amended Complaint for Damages Alleges No Imminent Future
             Harm Necessitating Injunctive Relief. ..................................................................14

       B.    The Request For Injunctive Relief Is Too Uncertain And Should
             Therefore Be Stricken. .........................................................................................15

CONCLUSION ...........................................................................................................................15

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF AUTHORITIES

**State Cases**

*Adams v. City of Fremont*
    68 Cal. App. 4th at p. 269 ..........................................................................................11

*Brown v. Poway Unified School District*
    (1993) 4 Cal.4th 820 .............................................................................................4, 6

*City of Simi Valley v. Superior Court*
    (2003) 111 Cal. App. 4th 1077 ...................................................................................11

*Degrassi v. Cook*
    (2002) 29 Cal. 4th 333 ..............................................................................................7

*Eastburn v. Reg'l Fire Protection Auth.*
    (2003) 31 Cal. 4th 1175 ........................................................................................5, 12

*Foster v. City of Fresno*
    (E.D. Cal. 2005) 392 F.Supp. 2d 1140 .........................................................................10

*Gilmore v. Superior Court*
    (1991) 230 Cal. App. 3d 416 ....................................................................................10

*Javor v. Taggart*
    (2002) 98 Cal. App. 4th 795 ......................................................................................7

*Jones v. Kmart Corp.*
    (1998) 17 Cal. 4th 329 ............................................................................................12

*Katzberg v. Regents of Univ. of Calif.*
    (2002) 29 Cal. 4th 300 ..............................................................................................6

*Lehto v. City of Oxnard*
    (1985) 171 Cal.App.3d 285 ........................................................................................6

*Lyon v. City of Los Angeles*
    (1983) 461 U.S. 95..................................................................................................15

*Martinez v. County of Los Angeles*
    (1996) 47 Cal. App. 4th 334 ......................................................................................8

*Walker v. County of Santa Clara*
    2005 WL 2437037 (N.D. Cal. Sept. 30, 2005) ................................................................5

*Wright v. State of California*
    (2004) 122 Cal. App. 4th 659 ....................................................................................14

*Zelig v. County of LA*
    (2002) 27 Cal.4th at 1127 .....................................................................................6, 11

**State Statutes & Codes**

California Civil Code
§ 52.1 ...................................................................................................1, 3, 12, 13

California Civil Code
§ 3333 ...............................................................................................................3, 6

California Civil Code
§ 1708................................................................................................................3, 6, 12

California Government Code
§ 814 ................................................................................................................6, 14

California Government Code
§ 815 ..........................................................................................................1, 2, 3, 6, 14

California Government Code
§ 844.6 ...............................................................................................................14

California Government Code
§ 845 ..................................................................................................................14

California Penal Code
§ 240 ...................................................................................................................6

California Penal Code
§ 242 ...................................................................................................................6

California Penal Code
§ 835a ...........................................................................................................7, 8, 11

California Penal Code
§ 3500,  Part 3 ....................................................................................................1

California Constitution, Article I
§ 7(A)...................................................................................................................7

California Constitution, Article III ............................................................................14

California State Constitution, Article I
§ 1 .......................................................................................................1, 2, 3, 6, 12

California State Constitution, Article I
§ 13 ..................................................................................................1, 2, 3, 6, 7

**Federal Cases**

*Board of County Comm'rs of Bryan County v. Brown*
    (1977) 520 U.S. 397.................................................................................4

*Garcia v. United States*
    (9th Cir. 1987) 826 F.2d 806 .................................................................10

*Graham v. Connor*
    490 U.S. at 396 ..........................................................................3, 8, 9, 10

*Johnson v. County of Los Angeles*
    (9th Cir. 2003) 340 F.3d 787 ...................................................................9

*Kentucky v. Graham*
    (1985) 473 U.S. 159.................................................................................3

*McDade v. West*
    (9th Cir. 2000) 223 F.3d 1135 .................................................................4

*Monell v. Dept. of Social Serv. of New York*
    *(1987) 436 U.S. 658*..........................................................................1, 4

*Neal v. Helbling*
    (Mo. Ct. App. 1987) 726 S.W.2d 483......................................................9

*Saman v. Robbins*
    (9th Cir. 1999) 173 F.3d 1150 .................................................................9

*Tom v. Voida*
    (Ind. App. 1996) 654 N.E.2d 776 ............................................................9

*Van Vorous v. Burmeister*
    (Mich. App. 2004) 687 N.W.2d 132.........................................................9

*Williams v. City of Jacksonville*
    (N.C. App. 2004) 599 S.E.2d 422.............................................................9

**Federal Statutes**

42 United States Code
    § 1983 ........................................................................................2, 3, 4, 12

**Other Authorities**

First and Fourth Amendments to the U.S. Constitution ...............................12

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on September 12, 2007 at 9:30 a.m., or as soon thereafter as can be heard by the above-entitled Court, in the Courtroom of the Honorable James Larson, Defendants City and County of San Francisco and the Chief of Police (hereafter "City") will and hereby do move for a motion to dismiss on the first, second, third, fourth, fifth, and sixth causes of action of plaintiff's Amended Complaint and make a motion to strike plaintiff's prayer for injunctive relief that Defendant "take steps to protect distressed citizens."  In addition, Defendants Rodriguez, Cabuntala, Correa, Dizon, Lazano, Mason, Maguire and Odum will and hereby do move for a motion to dismiss on the third, fourth, fifth, and sixth causes of action of plaintiff's Amended Complaint as to these defendants.

The grounds for the motion to dismiss are:  (1) plaintiff has not alleged facts that would establish the alleged incident was caused by a policy or custom of the City and County of San Francisco, and therefore the City is not liable to plaintiff as a matter of law under *Monell v. Dept. of Social Serv. of New York,* 436 U.S. 658, 690 (1987); (2) the plaintiff's state law claims against the City are barred under California's Tort Claim Act because there is no statutory basis for such liability by a public entity, as required by Government Code section 815; (3) the Amended Complaint improperly seeks damages under the State Constitution – Article I, § 1 and § 13 – constitutional provisions which do not support a private lawsuit for damages; and (4) the Amended Complaint fails to state a claim under California Civil Code § 52.1 because the pleading does not identify the separate protected "right" that was interfered with by the police officer's alleged use of unreasonable force. The grounds for the motion to strike plaintiff's prayer for injunctive relief are that the Amended Complaint does not present a case or controversy for injunctive relief and the relief sought is too uncertain.

This motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities filed herewith, the pleadings and papers on file herein, and upon such other matters as may be presented to the Court at the time of the hearing.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES
### INTRODUCTION

In the Amended Complaint, plaintiff seeks damages from defendants City and County of San Francisco ("City") and from individual police officers Rodriguez, Cabuntala, Correa, Dizon, Lazano, Mason, Maguire and Odum ("individual officers") for injuries he allegedly sustained when arrested on October 22, 2006. A copy of the Amended Complaint is attached hereto as Exhibit A. Plaintiff's Amended Complaint alleges a federal civil rights claim against individual police officers under 42 USC § 1983 based on their alleged use of unreasonable force. On these same facts, plaintiff alleges a state law tort claim for battery by a police officer, a claim for which the City may be vicariously liable under the agency doctrine of *respondeat superior*. Otherwise, the facts alleged in the Amended Complaint fail to state causes of action under the numerous headings and causes of action designated in the Amended Complaint.

Plaintiff's common law causes of action for intentional infliction of emotional distress, failure to intervene, and negligence are barred under the Tort Claim Act because there is no statutory basis for such liability by a public entity, as required by Government Code § 815. As another separate and independent basis of the motion, the Amended Complaint alleges a claim for damages under the state Constitution – Article I, § 1 and § 13 – which does not support a private lawsuit for damages.

For the reasons set forth below, the court should dismiss all plaintiff's claims other than (1) his federal civil rights claim against the individual police officers under 42 USC § 1983 and (2) his state law tort claim of battery by a police officer against the individual officers and the City.

### PLEADED FACTS

Plaintiff alleges that he was arrested in San Francisco on October 22, 2006 when he was driving a rental car with an expired lease. Anticipating that he would be arrested and that he would be ordered to lie on the sidewalk, plaintiff then laid face down on the sidewalk in front of 56 Bayview. Unidentified police officers then allegedly beat plaintiff when he was on the ground.

**ALLEGED CLAIMS**

Plaintiff alleges the following causes of action against the individual police officers and the City:

1.  Federal Constitutional violations under 42 USC § 1983 by the individual officers for use of unnecessary, unreasonable and excessive force  (First Cause of Action);

2.  Federal Constitutional violations under 42 USC § 1983 by the city for maintaining a policy custom or practice of permitting or encouraging excessive force by its police officers, by failing to properly hire, train, supervise or discipline them (First Cause of Action);

3.  California Constitution, Article I, § 1 and § 13 (Second Cause of Action);

4.  California Civil Code § 1708 and 3333 (Second Cause of Action);

5.  California Government Code § 815.6 (Second Cause of Action);

6.  California common law claim of Assault and Battery (Second Cause of Action);

7.  California common law claim of Intentional Infliction of Emotional Distress (Third Cause of Action);

8.  California Civil Code §§ 52.1 and 52 (Fourth Cause of Action);

9.  California common law claim for failure to intervene (Fifth Cause of Action);

10. California common law claim for negligence (Sixth Cause of Action).

**LEGAL ARGUMENT**

**I.    THE POLICE CHIEF IN HER OFFICIAL CAPACITY IS IMMUNE TO THE EXTENT THE CITY IS IMMUNE.**

Plaintiff has sued the "Chief of Police" in her official capacity only.  He does not allege any personal wrongdoing against her.  An official capacity lawsuit is just another way of suing the public entity. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (noting that naming a public officer in his official capacity is "only another way of pleading an action against an entity of which an officer is an agent.").  Thus, to the extent San Francisco is immune, so is the Chief of Police.

## II.  PLAINTIFF'S AMENDED COMPLAINT ALLEGES NO FACTS TO SUPPORT A CLAIM THAT CITY POLICY AND PRACTICE WAS THE MOVING FORCE IN THE ALLEGED USE OF UNREASONABLE FORCE IN ARRESTING PLAINTIFF.

Plaintiff's first cause of action seeks to hold the City liable under 42 USC § 1983 for the violation of plaintiff's civil rights by the City's police officers.  Local governments are not vicariously liable for the conduct of their employees under federal law.  Local governments are subject to liability under 42 USC § 1983 only where an official policy or custom causes a constitutional tort.  *Monell v. Dept. of Social Serv. of New York,* 436 U.S. 658, 690 (1987).  A policy or custom giving rise to municipal liability cannot be established merely by identifying conduct by an employee that is attributable to the municipality.  The plaintiff must prove that, through its deliberate conduct, the municipality was the "moving force" behind the alleged injury.  *Board of County Comm'rs of Bryan County v. Brown,* 520 U.S. 397, 404 (1997).  Proof of isolated incidents of unconstitutional behavior by an employee is insufficient to establish a municipal policy or custom.  *McDade v. West*, 223 F.3d 1135, 1141 (9th Cir. 2000).  "Instead, it is when [the] execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injuries that [make] the government as an entity responsible under § 1983."  *Monell*, 436 U.S. at 694.

While a complaint challenged under FRCP 12(b)(6) need not set forth detailed factual allegations, a plaintiff must provide more than labels and conclusions.  A formulaic recitation of the elements of a cause of action will not do.  *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1965 (2007), citing *Papasan v. Allain,* 478 U.S. 265, 286 (1986).  The allegations must be sufficiently detailed to "raise a right to relief above the speculative level."  *Id.*

Here plaintiff has alleged no facts apart from the conduct of arresting officers in the early morning hours of October 22, 2006.  Paragraph 13 of the Amended Complaint is a conclusory recitation of the *Monell* legal standard devoid of any facts that state a claim which would entitle the plaintiff to recover damages against the City under 42 USC § 1983.

## III.  PLAINTIFF'S CLAIM THAT THE CITY FAILED TO PROPERLY HIRE, TRAIN, SUPERVISE OR DISCIPLINE FAILS TO STATE A CAUSE OF ACTION.

In plaintiff's first cause of action against the City for a 42 USC § 1983 claim under *Monell* and reincorporated in his sixth cause of action based on general negligence, plaintiff claims the City is

liable for failing to properly hire, train, supervise or discipline its police officers.  This allegation fails to state a *Monell* claim for reasons set forth above.  The allegation also fails to state a claim against the City on general negligence principles because state law recognizes no such general negligence claim.

In *Eastburn v. Reg'l Fire Protection Auth.*, 31 Cal. 4th 1175, 1183-84 (2003), the court explained "direct tort liability of public entities must be based on a specific statute declaring them to be liable, or at least creating some specific duty of care...."  In *Eastburn*, the court found no direct liability because there was no statutory provision "declaring or defining a public agency's duty of care with respect to handling 911 emergency calls." *Id.* at 1180.  The California Court of Appeal in *Munoz v. City of Union City,*120 Cal. App. 4th 1077, 1112-13 (2004) applied the same principle.  In *Munoz*, plaintiffs were relatives of a woman shot and killed by police officers, and filed a wrongful death action against the officer and the city.  The decedent was under the influence and brandishing two knives in her home near her family members when she was confronted by police officers called to the scene.  She was shot by a police officer during the officer's attempt to calm her down.  The plaintiffs claimed that the city's inadequate training, and supervision of officers in responding to crisis situations caused the death.  The *Munoz* court held that, as plaintiffs were unable to find a statutory basis for their negligence claim, the defendant city was not directly liable for failing to provide clearer police procedures in confrontational situations, more effective officer supervision, or more effective officer training.

Similarly, here plaintiff does not identify any statutory basis for liability against the City, the state law claim of general negligence, and particularly the claim for negligent hiring, training, supervision and/or discipline must be dismissed. *See Walker v. County of Santa Clara,* 2005 WL 2437037 (N.D. Cal. Sept. 30, 2005) (dismissing state claims for negligent hiring, training and supervision based on *Eastburn* and *Munoz*).

IV.  **THE ONLY LEGAL THEORIES SUPPORTING PLAINTIFF'S BATTERY CLAIM ARE 42 USC § 1983 AND A STATE LAW TORT CLAIM FOR BATTERY BY A POLICE OFFICER**

    A.  **California Penal Code Sections 240 And 242, And Civil Code Sections 1708 And 3333, Do Not Provide A Statutory Basis For Liability Against Individual Officers Or The City.**

The California Tort Claims Act provides that

> Except as otherwise provided by statute:
>
> (a) A public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person.
>
> (b) The liability of a public entity established by this part (commencing with Section 814) is subject to any immunity of the public entity provided by statute, including this part, and is subject to any defenses that would be available to the public entity if it were a private person.

(Gov't. Code § 815)  Thus, a public entity is liable for an injury only where provided by statute. (*Brown v. Poway Unified School District,* 4 Cal.4th 820, 829 (1993); *Zelig v. County of LA*, 27 Cal.4th at 1127 (2002).)  Neither Penal Code Sections 240, 242, nor Civil Code Sections 3333, 1708 authorize civil lawsuits against the individual officers or the City.

    B.  **Neither The City Nor Individual Officers Are Liable Under Government Code Section 815.6.**

Plaintiff alleges no facts that could establish the liability under Government Code section 815.6.  A litigant who seeks to allege a cause of action for breach of a mandatory duty must specifically allege the particular enactment relied on that creates the mandatory duty.  *Lehto v. City of Oxnard* 171 Cal.App.3d 285, 292 (1985).  Plaintiff alleges no mandatory duty that the City failed to perform that was designed to prevent plaintiff's injuries and that the City failed to perform, proximately causing plaintiff's injuries.

    C.  **There Is No Implied Private Cause Of Action For Damages Under The State Constitutional Provisions Alleged In The Complaint.**

Plaintiffs seek tort damages under two state Constitutional provisions:  Article 1, § 1 (inalienable rights clause) and  § 13 (unreasonable seizure clause).  The California Supreme Court has held that not every state Constitutional provision is intended to support a private lawsuit for damages. *See Katzberg v. Regents of Univ. of Calif.*, 29 Cal. 4th 300, 329 (2002) (no private right of action for damages for violation of due process clause of California Constitution); *see also Javor v. Taggart,* 98

1  Cal. App. 4th 795, 807 (2002) ("It is beyond question that a plaintiff is not entitled to damages for a

2  violation of the inalienable rights clause or due process clause of the state Constitution."); *Degrassi v.*

3  *Cook*, 29 Cal. 4th 333, 335 (2002) (no private right of action for damages for violation of free speech

4  clause of California Constitution).

5       As noted in the authorities above, state courts have expressly rejected state constitutional

6  damage claims for violation of the inalienable rights clause or due process clause of the state

7  Constitution (plaintiffs' second cause of action).  Moreover, defendant has found no cases inferring a

8  private action for damages for violation of the unreasonable seizure clause of Article I, § 13.  This

9  provision does not by its terms suggest an intention to permit a claim for damages.  The provision

10  states in relevant part:

11         The right of the people to be secure in their persons, houses, papers, and effects

12         against unreasonable seizures and searches may not be violated[.]

13  This is similar in formulation to California Constitution, Article I, § 7(A), which courts have held

14  does *not* create a direct action for damages:

15         A person may not be deprived of life, liberty, or property without due process
          of law or denied equal protection of the laws[.]

16  In the absence of authority to the contrary, this Court should not find a private state Constitutional

17  claim for damages under Article I, § 13.

18      **D.**    **Police Officers Can Only Be Liable For Use Of Force Under State Law When**

19              **The Elements Of A "Battery By A Peace Officer" Are Met.**

20       Plaintiffs have alleged state law claims for injury from use of force by a peace officer under

21  various different theories.  However, these theories – intentional infliction of emotional distress,

22  failure to intervene and negligence – do not contain the elements required under state law to hold a

23  police officer liable for use of force.  Under the state law claim of "battery by a police officer,"

24  plaintiff must prove as an essential element of the claim that defendant "used unreasonable force to

25  [arrest/prevent the escape of/overcome the resistance of/insert other applicable action] [name of

26  plaintiff]."  CACI Jury Instruction No. 1305.  This standard incorporates the officer's privilege to use

27  reasonable force under the California Penal Code, § 835a.  The state law claims for use of force *other*

28  *than* "battery by a peace officer" must therefore be dismissed.

1    **1.    Under State Law, Plaintiff Must Prove That The Use Of Force Was Unreasonable.**

2    Peace officers are privileged under California law to use reasonable force to make an arrest,

3    prevent an escape, or overcome resistance.  Pen. Code § 835a.[1]  The reason for this privilege is clear.

4    "Unlike private citizens, police officers act under color of law to protect the public interest.  They are

5    charged with acting affirmatively and using force as part of their duties."  *Edson v. City of Anaheim,*

6    63 Cal. App. 4th 1269, 1273 (1998).

7    The Penal Code privilege under California law means that the California standard governing

8    the use of force by peace officers is the same as the standard under federal civil rights law:  it is the

9    plaintiff's burden to prove that the officer's use of force was unreasonable under the totality of the

10    circumstances. *Edson,* 63 Cal. App. 4th at 1274; *Martinez v. County of Los Angeles*, 47 Cal. App. 4th

11    334, 349-50 (1996) (reasonableness of peace officer's use of force under federal law defeated state

12    law battery claim).

13    The leading case in California on this issue is *Edson v. City of Anaheim, supra.*  In *Edson*, the

14    Court of Appeal decided that under California law – as under federal law – a plaintiff challenging a

15    peace officer's use of force has the burden of proving the unreasonableness of the force.  In reaching

16    this conclusion, the Court of Appeal in *Edson* made several compelling observations regarding the

17    "special situation" of peace officers charged with using force to protect the public:

18    > This rule takes into account the special situation of the police defendant.
19    > Unlike private citizens, police officers act under color of law to protect the
      > public interest. They are charged with acting affirmatively and using force as
20    > part of their duties, because "the right to make an arrest or investigatory stop
      > necessarily carries with it the right to use some degree of physical coercion or
21    > threat thereof to effect it." (*Edson, supra*, 63 Cal. App. 4th at 1273 [quoting
      > *Graham v. Connor,* 490 U.S. at 396].)

22

23

---

24    [1] Penal Code § 835a reads, in full: "Any peace officer who has reasonable cause to believe
25    that the person to be arrested has committed a public offense may use reasonable force to effect the
      arrest, to prevent escape or overcome resistance. [¶] A peace officer who makes or attempts to make
26    an arrest need not retreat or desist from his efforts by reason of the resistance or threatened resistance
      of the person being arrested; nor shall such officer be deemed an aggressor or lose his right to self-
27    defense by the use of reasonable force to effect the arrest or to prevent escape or to overcome
      resistance."

28

1    The *Edson* Court observed that placing the burden on the plaintiff to show unreasonableness –

2   as under federal law – afforded officers the necessary room to make split-second decisions under

3   dangerous and fluid circumstances, and would limit unfair second-guessing of officer decisions:

4           Equally important, a police officer must have control over the manner and
            means of making an arrest or detention. The interests of the commonweal
5           happily coincide here with sound logic. Both dictate that "[t]he calculus of
            reasonableness must embody allowance for the fact that police officers are
6           often forced to make split-second judgments--in circumstances that are tense,
            uncertain, and rapidly evolving--about the amount of force that is necessary in
7           a particular situation." (*Graham v. Connor, supra*, 490 U.S. at pp. 396-397.)
            Placing the burden of proof on the plaintiff gives the police appropriate
8           maneuvering room in which to make such judgments free from the need to
            justify every action in a court of law. (*Edson, supra*, 63 Cal. App. 4th at 1273.)
9

10   To limit such second-guessing of officer tactics, the Court of Appeal held that under the Penal

11   Code, a plaintiff could not premise liability on allegedly negligent police conduct: "We share the

12   view ... that 'the officer in the first instance is the judge of the manner and means to be taken in

13   making an arrest.  Unless a plaintiff can show that unnecessary force was used, courts will protect the

14   officer.' " *Edson* (quoting *Neal v. Helbling*, 726 S.W.2d 483, 487 (Mo. Ct. App. 1987)); *accord*

15   *Johnson v. County of Los Angeles*, 340 F.3d 787, 794 (9th Cir. 2003) (relying on *Edson* in denying

16   state law battery claim where force was not unreasonable under federal law); *Saman v. Robbins*, 173

17   F.3d 1150, 1156-57 (9th Cir. 1999) (same).

18   Similarly, in *Munoz v. City of Union City*, 120 Cal. App. 4th 1077 (2004), the California

19   Court of Appeal specifically held that the peace officers' tactical decisions about use of force was not

20   a basis for negligence liability:

21           [T]he conduct of the police – [Corporal] Woodward's decisions how to deploy
            his officers at the scene, the efforts made in an attempt to defuse the situation
22           as safely as possible, and other such factors – cannot subject appellants
            [officers and their public entity employer] to liability.  For these reasons,
23           finding a tort duty and submitting to the jury the question of whether police
            decisions fell below the standard of care, was error. (*Munoz v. City of Union
24           City, supra*, 120 Cal. App. 4th at 1097.)

25   The courts of several other states are in accord with *Edson.  See Van Vorous v. Burmeister*,

26   687 N.W.2d 132, 142-43 (Mich. App. 2004) (federal finding of no excessive force barred any liability

27   under state tort law); *Williams v. City of Jacksonville*, 599 S.E.2d 422, 428-31 (N.C. App. 2004)

28   (same); *Tom v. Voida*, 654 N.E.2d 776, 784-85 (Ind. App. 1996) (same); *cf. Garcia v. United States*,

1   826 F.2d 806, 810 (9th Cir. 1987) (under Arizona law, where peace officer's force is "justified," there

2   is no liability even if conduct is negligent); *see also Edson, supra*, 63 Cal. App. 4th at 1272 (citing

3   other states' cases that burden plaintiff with proving unreasonableness of peace officer force).

4       The California Penal Code privilege reflects the unique position of peace officers with regard

5   to the use of force: peace officers are affirmatively charged with using force as part of their law

6   enforcement responsibilities, so they are immune from liability for any reasonable use of force.  The

7   United States Supreme Court explicitly recognized this same unique position of peace officers in

8   *Graham v. Connor*, 490 U.S. 386 (1989), and adopted a reasonableness standard for use of force

9   liability.  As recognized by California courts, the word "reasonable" means the same thing under both

10  federal and California law.  This common-sense holding provides a single, clear reasonableness

11  standard to the peace officers in the field who must make split-second decisions as they confront

12  dangerous suspects who threaten public safety.  Permitting a jury to apply differing standards of

13  negligence or other tort theories to the use of force would contravene these consistent state and

14  federal standards under *Edson* and *Graham.*

15  **2.   When A Peace Officer's Use Of Force Is Privileged Under The Penal Code, There Is No Tort Liability Under Any Legal Theory, Including Negligence.**

16

17      Under California law, when plaintiff cannot meet his burden of showing that the force used

18  was unreasonable, the Penal Code privilege defeats liability for peace officer use of force under *any*

19  state tort theory, including negligence.  "A privileged act is by definition one for which the actor is

20  absolved of any tort liability, whether premised on the theory of negligence or of intent." *See*

21  *Gilmore v. Superior Court*, 230 Cal. App. 3d 416, 421 (1991).)  Thus, "if, in a particular case, the

22  facts establish a justifiable [use of force] under the Penal Code, there is no civil liability." *Id.* at 422;

23  *see also Foster v. City of Fresno*, 392 F.Supp. 2d 1140, 1159 (E.D. Cal. 2005) (no civil liability for

24  police officers who used deadly force that was justified under Penal Code privilege).

25      In *Munoz v. City of Union City*, 120 Cal. App. 4th 1077, the state Court of Appeal held that

26  there could be "no liability based upon when and how law enforcement personnel respond to requests

27  for emergency assistance from the public." *Id.* at 1094.  Rather, the only duty that officers had was "a

28  duty to refrain from unreasonable use of deadly force"  (*id.*) – the same duty imposed by the Penal

Code. The state Court of Appeal in *City of Simi Valley v. Superior Court,* 111 Cal. App. 4th 1077 (2003), echoed these policy concerns in finding that collateral estoppel barred a negligence action challenging a peace officer use of force that had already been determined to be objectively reasonable under federal civil rights law. The Court held that:

> A reasonable person, other police officers, attorneys, and even judges and justices may disagree on the tactics used to defuse this life-threatening situation. But once it has been factually determined that the officers' actions were "objectively reasonable" by the United States District Court and such determination has been affirmed by the Ninth Circuit Court of Appeals, the time for second guessing, i.e., "Monday-morning quarterbacking" (see *Adams v. City of Fremont, supra,* 68 Cal. App. 4th at p. 269 …) must cease. (*City of Simi Valley v. Superior Court, supra,* 111 Cal. App. 4th at p. 1086.)

As California courts have repeatedly made clear, public entity and public employee liability exists only pursuant to statute under "rigidly delineated circumstances." *Zelig v. County of Los Angeles,* 27 Cal. 4th 1112, 1127 (2002). As it relates to use of force, the Penal Code provides the statutory basis for liability and privilege. Peace officers must have leeway to make tactical decisions as they confront dangerous suspects, without risking tort liability that is inconsistent with the Penal Code privilege.

These courts have concluded that the "totality of the circumstances" test of reasonable force under federal law and the identical Penal Code privilege under state law is the appropriate – and exclusive – standard for peace officers who are charged to use force to carry out their duties. Officers' decisions in a dangerous situation leading up to the use of force are protected by the California Penal Code privilege, and these decisions are not subject to second-guessing under a separate negligence or other tort standard.

### E.    There Is No Statutory Basis For Public Entity Liability Under Plaintiff's Plethora of Common Law Claims.

The only viable state law theory of liability against the individual officers, and the City by reason of *respondeat superior*, is battery by a police officer. That cause of action is limited to the unreasonable use of force, i.e. the use of force, which falls outside the scope of Penal Code § 835a and the case law interpreting that statute.

San Francisco as a public entity enjoys immunity from plaintiff's non-statutory, common law claims in the second, third, fifth and sixth causes of action (assault, battery, intentional infliction of emotional distress; failure to intervene and negligence).  As discussed above, *Eastburn v. Reg'l Fire Protection Auth.*, <u>supra</u>, 1183-84 (2003), requires the "direct tort liability of public entities must be based on a specific statute declaring them to be liable, or at least creating some specific duty of care.  Here plaintiff's claims for negligence, failure to intervene and intentional infliction of emotional distress are not supported by any statutory basis.  These state law claims must be dismissed against the City.

## V.    PLAINTIFF DOES NOT PLEAD A CLAIM FOR VIOLATION OF CALIFORNIA CIVIL CODE SECTION 52.1.

Plaintiff does not allege any intent to interfere with protected rights, and thus his claim under Civil Code § 52.1 fails.  Plaintiff alleges under section 52.1 that this statute was violated "threats, intimidation and coercion with plaintiff's rights to due process, and to be free of assault and battery . . . guaranteed by 42 USC 1983, the First and Fourth Amendments to the U.S. Constitution, Article I, §§ 1, 2, 7, and 13 of the California Constitution, Cal. Civil Code § 1708, California Common Law."  Amended Compl. ¶ 17.  Civil Code § 52.1 prohibits conduct that

> interferes by threats, intimidation, or coercion, or attempts to interfere by threats, intimidation or coercion, with the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of this state...

Cal. Civil Code § 52.1(a).

Under the statute, plaintiff must show *both* "threats, intimidation and coercion" *and* an interference or attempted interference with a constitutional right.  *See Jones v. Kmart Corp.*, 17 Cal. 4th 329, 334 (1998) (§ 52.1 requires "an attempted or completed act of interference with a legal right, accompanied by a form of coercion").  Plaintiff wraps these separate elements into one.  He claims that by using excessive force under the Fourth Amendment, plaintiff interfered with his rights under the Fourth Amendment.  He claims the use of unreasonable force was simultaneously a Fourth Amendment violation and the use of "threats, intimidation and coercion" to interfere with the identical right allegedly violated.  The California official jury instructions make clear that there are

two separate elements – use of force *and* intent to interfere with rights – both of which must be alleged and proved. CACI No. 3025 lists the essential factual elements of the claim as follows:

> [Name of plaintiff] claims that [name of defendant] intentionally interfered with [or attempted to interfere with] [his/her]'s civil rights by threatening or committing violent acts. To establish this claim, [name of plaintiff] must prove all of the following:
>
> 1.      [name of defendant] interfered with [or attempted to interfere with] [name of plaintiff]'s right [insert alleged constitutional or statutory right] by threatening or committing violent acts;
>
> 2.      [That [name of plaintiff] reasonably believed that if [he/she] exercised [his/her] right [insert right, e.g., "to vote"] [name of defendant] would commit violence against [him/her] or [his/her] property;]
>
> [That [name of defendant] injured [name of plaintiff] or [his/her] property to prevent [him/her] from exercising [his/her] right to [insert right] or retaliate against [name of plaintiff] for having exercised [his/her] right [insert right];]
>
> 3.      That [name of plaintiff] was harmed; and
>
> 4.      That [name of defendant]'s conduct was a substantial factor in causing [name of plaintiff]'s harm.

Not all violence interferes with the exercise of constitutional rights. And not every constitutional violation requires violence. But § 52.1 requires both. Here, plaintiff does not allege use of violence coupled with an intent to interfere with the exercise of a constitutional right. Instead, plaintiff alleges the use of excessive force, threats, intimidation and coercion that allegedly constituted a Fourth Amendment violation. Plaintiff's claim under § 52.1 therefore fails to state a claim.

## VI.    PLAINTIFF FAILS TO ALLEGE A CLAIM FOR INJURIES OCCURRING IN THE CITY'S JAIL SAFETY CELL

The plaintiff's fifth cause of action for "failure to intervene" to stop or mitigate the assault and battery against plaintiff. The heading refers to "all defendants in the Jail Safety Cell." But the amended complaint makes no allegations that plaintiff was placed in a jail safety cell or that any defendants were in the jail safety cell. Therefore the allegations are too uncertain to state a claim.

//

Further, the City is immune from liability for injuries to a prisoner at county jail. *See* Cal. Gov. Code § 844.6 (prisoner immunity for public entities). This code section abolishes *respondeat superior* liability of San Francisco for claims that a public employee injured a prisoner, including any inmate of the County Jail.

Government Code § 844.6 applies to any injuries plaintiff claims in the Jail Safety Cell. This section states in relevant part:

> (a) Notwithstanding any other provision of this part, except as provided in this section and in Sections 814, 814.2, 845.4 and 845.6, or in Title 2.1 (commencing with Section 3500) of Part 3 of the Penal Code, a public entity is not liable for:
> (1) * * *
> (2) An injury to any prisoner.

This immunity is absolute and applies regardless of whether the injury was caused negligently or intentionally. For example, in *Wright v. State of California,* 122 Cal. App. 4th 659 (2004) the plaintiff (a state prisoner) sued for negligence and for intentional infliction of emotional distress. Ruling on the state's demurrer, the Court explained the "general rule" that a public entity is not liable unless a statute imposes liability. *Id.* at 672. Although the Government Code imposes *respondeat superior* liability on public entities for torts committed by employees in the scope of employment as a general rule (Gov. Code § 815.2(a)), specific immunities apply to prisoner claims. "Those provisions provide that 'a public entity is not liable for ... [a]n injury to any prisoner.' (§ 844.6, subd. (a)(2).)" *Id.* Therefore, the Court concluded:

> The State and the Department, as public entities, are immune from liability for Wright's counts of intentional infliction of emotional distress and negligence. The trial court properly sustained the demurrer as to these counts and dismissed them with prejudice.

*Id.*

## VII.    PLAINTIFF'S CLAIM FOR INJUNCTIVE RELIEF SHOULD BE STRICKEN

### A.    The Amended Complaint for Damages Alleges No Imminent Future Harm Necessitating Injunctive Relief.

In Paragraph 25 of the Amended Complaint, plaintiff asks for "one or more injunctions commanding the City and County of San Francisco to take steps to protect distressed citizens." To obtain injunctive relief, plaintiff must satisfy the "case or controversy" requirement of Art. III. To do

1   so, a plaintiff must show that he has sustained or is immediately in danger of sustaining some direct

2   injury as the result of the challenged official conduct, and the injury or threat of injury must be "real

3   and immediate," not "conjectural" or "hypothetical." "Past exposure to illegal conduct does not in

4   itself show a present case or controversy regarding injunctive relief ... if unaccompanied by any

5   continuing, present adverse effects." *Lyon v. City of Los Angeles,* 461 U.S. 95, 96 (1983).

6          In the present case, plaintiff has alleged no facts that would support a finding that plaintiff has

7   sustained or is immediately in danger of sustaining some direct injury as the result of official conduct.

8   Plaintiff has only alleged that excessive force was used during an arrest.  Even if true, this one arrest

9   does not in itself show a present case or controversy regarding injunctive relief.  Therefore, paragraph

10  25 of the Amended Complaint should be stricken.

11         **B.     The Request For Injunctive Relief Is Too Uncertain And Should Therefore Be
                    Stricken.**

12

13         In addition to plaintiff's failure to allege facts that present a case or controversy regarding

14  injunctive relief, the request for "one or more injunctions commanding the City and County of San

15  Francisco to take steps to protect distressed citizens" is too vague and uncertain to provide adequate

16  notice to the City and County of San Francisco as to the relief sought.  Therefore, paragraph 25

17  should be stricken from the Amended Complaint.

                                   **CONCLUSION**

18

19         The court should dismiss the first, second, third, fourth, fifth and sixth causes of action against

20  the City and the Chief of Police. The court should dismiss the second, third, fourth, fifth and sixth

21  causes of action against the individual officers.  The court should also strike the prayer for injunctive

22  //

23

24

25

26

27

28

1 relief on the grounds that the Amended Complaint does not present a case or controversy for

2 injunctive relief and is prayer is too uncertain.

3 Dated:  August 1, 2007

4                                        DENNIS J. HERRERA
                                         City Attorney
5                                        JOANNE HOEPER
                                         Chief Trial Deputy
6                                        DAVID B. NEWDORF
                                         JAMES F. HANNAWALT
7                                        Deputy City Attorneys

8                                 By:           //S//

9                                 _____
                                         JAMES F. HANNAWALT
10

11                                Attorneys for Defendants
                                  CITY AND COUNTY OF SAN FRANCISCO, et al.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

RECEIVED
MAYOR'S OFFICE

07 JUN 28  AM 11: 14

1  HARRIET ROSS SB25124
   On Embarcadero Center (Suite 500)
2  San Francisco, CA 94111
   Tel:    (415) 775-3523
3  Fax:    (415) 775-7491

4  Attorney for Plaintiff

5

6

7

8                 UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10
   HENRY GIVENS                          )      Case No.C07 2861
11                                        )
                        Plaintiff,        )      (AMENDED)
12  vs                                    )      COMPLAINT FOR DAMAGES
                                          )
13  City and County of San Francisco,  a  )      JURY TRIAL DEMANDED
    Municipal Corporation, Police Officers )
14  RODRIGUEZ No. 156; CABUNTALA, No.    )
    1528; CORREA, No. 4210.; DIZON, No.   )
15  110; LAZANO, No. 554; and MASON, No   )
    1703,  McGuire No. 4214, Odum, No.983 )
16  Individually and as San Francisco Police )
    Officers, and the San Francisco Police  )
17  Department and Chief of Police.       )
                                          )                            )
18                      Defendants.       )
                                          )
19

20  I.    INTRODUCTION

21       1. This is an action brought by Plaintiff for compensatory and punitive  money damages,

22  and declaratory and injunctive relief, against the defendants above-named  San  Francisco Police

23  Officers, and the City and County of San Francisco, a municipal corporation., and other officials

24  and policy makers yet to be named, for violating his civil rights, when the named police officers,

25  attacked, and injured  the plaintiff during an arrest in the City and County of San Francisco  on

26  October 22, 2006. The result of this violent, intentional and unconstitutional conduct was severe

27

28  COMPLAINT                               1

1  physical and emotional damage to plaintiff.  As a proximate result of the beating in the hands of

2  the defendants, plaintiff suffered permanent injuries to his eyes,  head , back and neck and body.

3

4  **II    JURISDICTION AND VENUE**

5      2.  This Court has jurisdiction of these claims under the Federal Civil Rights Act, 42 USC

6  Sec. 1983, the United States and California Constitution, California and Federal Constitution law,

7  and California Civil Code Sec. 52.1, 52, 1708 and 3333,

8      3.  Venue in this Court is proper because the acts complained of occurred in the city of

9  City and County of San Francisco, California and the parties all live, work or are situated in the

10  City and County of San Francisco, California..

11      4.  Plaintiff filed a claim with the City and County of San Francisco, November 15, 2006.

12  The claim was denied on December 1, 2006.

13  **II    PARTIES**

14      5.  Plaintiff, Henry Givens  is a U. S. citizen and resident of San Francisco,  California.

15      6.  Defendant City and County of San Francisco is a  municipal corporation under the laws

16  of the State of California., the San Francisco, the San Francisco Police Department is maintained

17  by the City and  County of San Francisco and the Chief of Police.

18      7.  Defendants Police officers, Rodriguez, Cabuntala, Correa, Dizon, Lazano, Mason,

19  McGuire and Odum. are  employed as Police Officers by the Police Department of the City and

20  County of San Francisco.. Plaintiff was unable to obtain the given names of said defendants but

21  will substitute those names when obtained.

22      8.. The individual defendants,, carried out the actions complained of in their individual

23  capacities, under color of state law, in the course and scope of their employment as police officers

24  of the San Francisco Police Department.

25      9.  The City and County of San Francisco is obliged, under Cal. Government Code Sec.

26  825(a), to pay any compensatory damages awarded against the individual officers.  All defendants

27

28  COMPLAINT                                2

1  are jointly and severally liable for any damages awards.

2

3  **IV. FACTUAL ALLEGATIONS** (Related to all Causes of Action)

4  　　10.  On or about October 22, 2006, at 1:30 hours, near Newhall & McKinnon streets in

5  San Francisco. plaintiff was driving a rental car upon which the lease had expired.,Plaintiff

6  observed a marked police car following him, fearing that he would be stopped, arrested, if stopped

7  beaten up. (The police in the area had a reputation for abusing arrestees), he drove to 56 Bay

8  View,San Francisco,  rang the door bell of his friend's house to obtain a witness to his arrest.  He

9  then laid on the sidewalk face down as the police officers approached him anticipating that that

10 would be their order to do.  The police officers came to him and beat him around the upper body,

11 using batons, and fists and kicked him .  The brutality of the conduct of the police resulted in

12 Plaintiff being taken to the hospital for treatment for injuries to his face, back, neck, eyes and

13 lower extremities.

14 　　At the time of the beating Plaintiff was not resisting the officers but making every effort to

15 cooperate with them.

16 　　11. As a direct and proximate result of the beating, Plaintiff still suffers complaints from

17 disabilities caused by this beating and also his eyesight has been adversely effected. At the time

18 that this beating of plaintiff took place, he was not resisting arrest, but was cooperating with the

19 officers.

20 **V.　　CAUSES OF ACTION**

21 　　　　　　　　**FIRST CAUSE OF ACTION**
        　　　　**Unnecessary, Unreasonable, and Excessive Force**
22 　　　**42 U.S.C. Sec 1983, Fourth Amendment to the U.S. Constitution**

23 　　12.  Plaintiff hereby incorporates the allegations of paragraphs 1-11 herein.  The use of

24 excessive force on the Plaintiff in beating him unmercifully without any justification,  causing

25 injuries, defendants used unnecessary, unreasonable and excessive force, in violation of plaintiff's

26 Fourth Amendment rights.

27

28 COMPLAINT　　　　　　　　　　　　3

1    13.. Defendant City and County of San Francisco is liable for maintaining a policy,

2  custom, or practice of permitting or encouraging excessive force by its police officers, by failing

3  to properly hire, train, supervise, or discipline them, thus demonstrating the City and County of

4  San Francisco ratification, condonation and acquiescence in the use of excessive force, per

5  *Monell v. New York Department of Social Services,* 436 U. S. 658, 691(1978), and its progeny.

6  Contra Costa County's policymakers acted with actual knowledge constructive knowledge and/or

7  deliberate indifference to plaintiff's constitutional rights.

8

9                    **SECOND CAUSE OF ACTION**
         **Assault and Battery, California Penal Code Sec. 240 and 242,**
10   **Cal. Constitution, Art. I, Sec 1 and 13; Cal. Civil Code Sec. 1708 and 3333**
           **Cal, Gov't Code Sec. 815.6, and California Common Law**
11                         **(All Defendants)**

12    14. The Plaintiff hereby incorporates paragraphs 1-13 herein. For the misconduct

13  described under the first cause of action, defendants are also liable for assault and battery under

14  California law.

15    15. Defendant City and County of San Francisco is liable for breaching mandatory duties

16  to investigate, punish and prevent police officers for their misconduct and to protect arrestees

17  from excessive force by said police officers,, which proximately caused plaintiff's injuries herein,

18  California Gov't Code Sec. 815.6.

19

20                     **THIRD CAUSE OF ACTION**
             **Intentional Infliction of Emotion Distress**
21                    **California Common Law**
                         **(All Defendants)**

22    16. Plaintiff incorporates by reference paragraphs 1-15 herein. Defendants, the above-

23  named police officers, are liable for the emotional distress they caused plaintiff by their shocking

24  and outrageous action, including without limitation that which resulted from the brutal attack,

25

26                     **FOURTH CAUSE OF ACTION**

27

28  COMPLAINT                            4

**Violation of California Civil Rights**
**Bane Act, Cal. Civil Code Sec. 52.1 and 52**
**(All Defendants)**

17. Plaintiff incorporates by reference, paragraphs 1 - 16 herein. Defendants Rodriguez, Cabuntala, Carrera, , Dizon, Lazano , Mason , McGuire and Odum and each of them interfered by threats, intimidation and coercion with plaintiff's rights to due process, and to be free of assault and battery and assault to commit great bodily injury, as guaranteed by 42 U.S.C. Sec. 1983, the First and Fourth amendments to the U. S. Constitution, Article 1, Secs. 1, 2, 7 and 13 of the California Constitution, Cal. Civil Code Sec. 1708, California Common Law.

18.. Pursuant to California Civil Code Sec. 52(a), (b), plaintiff is entitled to up to three times his actual damages, and to exemplary damages; to civil penalty of $25,000.00 for each violation of his rights and to attorney's fees in an amount to be determined by the Court.

**FIFTH CAUSE OF ACTION**
**Failure to Intervene**
**California Common Law**
**(All Defendants in the Jail Safety Cell)**

19. Plaintiff incorporates by reference, paragraphs 1-18, herein.. The above-named defendants are each liable for failing to intervene in or to stop or mitigate the assault and battery, intentional infliction of emotional distress committed by each of said defendants.

**SIXTH CAUSE OF ACTION**
**Negligence**
**California Common Law**
**(All Defendants)**

20 Plaintiff incorporates by reference, paragraphs 1-19 herein. The individual defendants, in committing all the aforementioned wrongs, breached their duties to plaintiff to exercise reasonable care in the performance of their official duties, including without limitation their record keeping duties and their duties to comply with Departmental orders, policies, regulations and training, and thereby proximately caused plaintiff's injuries, damages and losses.

**VI. NO IMMUNITY**

COMPLAINT

5

21.  Regarding all actions and causes of action herein and stated, all defendants,   violated rights held by plaintiff which were clearly established, and no reasonable official similarly situated to any of the defendants could have believed that his conduct was lawful or within the bounds of reasonable discretion.  All individual defendants, , thus lack qualified or statutory immunity from suit or liability.

## VII. DAMAGES AND REMEDIES

### A. Monetary Damages

22.  As an actual and proximate result of the wrongs complained of, plaintiff suffered general and special compensatory damages including direct, indirect and emotional damage, presumed damages, and nominal damages, well in excess of the jurisdiction minimum of $25,000.00, in amounts to be determined at the trial of fact.

23.  In addition, the individual defendants' are liable to plaintiff for punitive (exemplary) damages for their malicious and oppressive conduct, as described in all of the foregoing paragraphs, in amounts to be determined by the trier of fact.

24.  Plaintiff **is** entitled to nominal damages for the violation of his civil right to be **free** of physical and emotional abuse by persons acting under color of law, **a** violation of the Fourth Amendment of the United States Constitution.

### B.  Injunctive and Declaratory Relief

25.  Plaintiff is also entitled to, and prays for, declaratory relief, and one or more injunctions commanding the City and County of San Francisco to take steps to protect distressed citizens.

## VIII.  JURY TRIAL DEMAND

26.  Plaintiff demands a trial by jury as to each and every count against each and every defendant.

COMPLAINT

6

## IX. PRAYER FOR RELIEF

27. **WHEREFORE,** plaintiff prays for relief as follows:

(1) for general and special compensatory damages, (including direct, indirect and emotional damages}, presumed damages, and nominal damages, well in excess of the jurisdictional minimum of $25,000.00 in amounts to be determined by the trier of fact.

(2)   For punitive (exemplary) damages against the individual defendants, in amounts to be determined by the trier of fact.

(3)   for three times the actual damages awarded, and for a civil penalty of $25,000.00 for each violation which occurred pursuant to Cal. Civil Code Sec52.1 and 52(a), (b),

(4)  for reasonable attorney's fees and costs and expenses of litigation, pursuant to 42 U.S.C. Sec. 1983, Cal. C.C.P. Sec 1021.5, and Civil Code Sec. 52(b)(3);

(5)  for declaratory relief, and one or more injunctions. as described in VII, B;

(6)  for such other relief as the Court deems just and proper.

Dated:   June 1, 2007..

HARRIET ROSS, Attorney for Plaintiff

COMPLAINT                                               7