1  HARRIET ROSS
   1 Embarcadero Center, 5th Floor
2  San Francisco, Ca 94111

3

4  DENNIS J. HERRERA, State Bar #139669
   City Attorney
5  JOANNE HOEPER, State Bar #114961
   Chief Trial Deputy
6  DAVID B. NEWDORF, State Bar #172960
   JAMES F. HANNAWALT, State Bar #139657
7  Deputy City Attorneys
   Fox Plaza
8  1390 Market Street, 6th Floor
   San Francisco, California 94102-5408
9  Telephone:    (415) 554-3892
   Facsimile:    (415) 554-3837
10 E-Mail:       david.newdorf@sfgov.org

11

12 Attorneys for Defendants
   CITY AND COUNTY OF SAN FRANCISCO, et al.

13

14

15                      UNITED STATES DISTRICT COURT

16                      NORTHERN DISTRICT OF CALIFORNIA

17 | HENRY GIVENS,                              | Case No. C 07 2861 SI
18 |         Plaintiff,                         | **JOINT INITIAL CASE MANAGEMENT CONFERENCE STATEMENT**
19 |     vs.                                    |
20 | CITY AND COUNTY OF SAN                     | Hearing Date:   September 28, 2007
21 | FRANCISCO, A MUNICIPAL                     | Time:           2 pm
   | CORPORATION, POLICE OFFICERS               | Place:
22 | RODRIGUEZ NO. 156; CABUNTALA,              |
   | NO. 7523; CORREA, NO. 4210; DIZON,         | Trial Date:
23 | NO. 110; LAZANO, NO. 554; AND
   | MASON, NO. 1703, MCGUIRE NO.
24 | 4214, INDIVIDUALLY AND SAN
   | FRANCISCO POLICE OFFICERS,
25 |         Defendants.

26

27

28

Joint Initial Case Management Stmt Case No. C 07 2861      1                    n:\lit\li2007\071621\00435230.doc

1. <u>Jurisdiction and Service</u>: This action arises under Title 42 of the United States Code, Section 1983.  Jurisdiction is conferred upon this Court by Title 28 of the United States Code, Sections 1331 and 1343.  The acts and practices alleged herein occurred in the City and County of San Francisco, California, which is within this judicial district.  All defendants have been served.  Plaintiff also alleges pendant state law claims of battery by a police officer.

2. <u>Facts</u>:

<u>Plaintiff's contentions</u>:

On October 22, 2006 at 1:30 am, near Newall and McKinnon streets in San Francisco, Plaintiff was driving a rental car upon which the lease had expired.  Plaintiff had been in contact by phone with the leasing company in an effort to obtain time in which to pay for the arrearage and to extend the lease.  At the time and place stated, Plaintiff observed a police car following him.  There were no signal lights nor siren operating at the time.  Plaintiff suspected that the car was listed because of the expiration for the lease. Plaintiff drove to 56 Bay View in San Francisco, his residence address. He did this because he was afraid if he were arrested on the street he would be beaten.  At his residence he rang the bell in order to obtain witnesses to the arrest.  He then went to the sidewalk and placed himself in a prone position with his hand and arms above his head lying on the sidewalk  The police officers came up to him and beat him around the upper body using fists and batons and also kicked him. Plaintiff at no time resisted arrest but thought he was being compliant with any order the police would make.  The brutal conduct of the police resulted in the plaintiff being taken to the hospital for his injuries.  He received injuries to his upper back, neck, eyes and lower extremities.  He is still receiving treatment for the injuries received in the beating.

Plaintiff contends that the officers used excessive force in the arrest which proximately caused pain and suffering permanent injury, and loss of income.

<u>Defendants' Contentions</u>: On September 26, 2006, plaintiff Henry Givens rented a Dodge Neon from A-One Rent-A-Car in San Francisco for a single day.  He never returned the car.  After unsuccessful attempts were made by the car rental agency to contact Mr. Givens and retrieve the rental car, the car rental agency reported the car as stolen to the SFPD.  The car was listed on the

SFPD "hotsheet" as a stolen vehicle. The hotsheet was provided to patrol officers to assist them in identifying stolen vehicles.

At about 1:30 am on October 23, 2006, Officer Cabuntala was on duty driving a radio car on Third Street when he spotted a Dodge Neon that was listed on the hotsheet as a stolen vehicle. Mr. Givens was driving the car. Officer Cabuntala stopped the car driven by Mr. Givens to investigate. After Officer Cabuntala got out of his radio car, Mr. Givens sped off in the Neon. Officer Cabuntala did not to engage in a high-speed pursuit. Instead, he drove at the speed limit in the same direction in which Mr. Givens was speeding away. While making a high-speed left turn onto Bay view Street, Mr. Givens drove his car directly at another SFPD radio car driven by Officer Mason. Swerving away, Officer Mason managed to avoid being struck by Mr. Givens' speeding car. Mr. Givens then stopped the stolen car at 56 Bayview, a half block away from where he nearly struck Officer Mason. Officer Mason and his partner Officer Lozano stopped their radio car in front of the house at 56 Bayview. As they approached Mr. Givens, they saw him break down the tradesman door beside the garage at that residence. In uniform and identifying themselves as police officers, Officer Mason and Officer Lozano attempted to arrest Mr. Givens. Mr. Givens resisted arrest. Other officers arrived. Mr. Givens continued to physically struggle and resist arrest. Unable to place Mr. Givens in handcuffs because he refused to comply with verbal commands and continued to physically resist, officers used reasonable force to legally arrest Mr. Givens.

3. <u>Legal Issues:</u> whether plaintiff was resisting arrest and whether reasonable force was used in affecting the arrest. Plaintiff's causes of action include violation of 42 U.S.C. section 1983 against Defendants for excessive force . Plaintiff also alleges ancillary state law causes of action, including assault and battery, infliction of emotional distress, violation of civil code sections 51.7 and 52.1, and negligence. Plaintiff alleged *Monell* claims against the City and County of San Francisco. Defendant disputes the factual basis of all these claims, and contends that reasonable force was used to arrest plaintiff in the circumstances.

4. <u>Motions</u>: There is a pending 12b6 motion to dismiss set for September 28, 2007 at 9 a.m.

  5. <u>Amendments of Pleadings</u>: Plaintiff has indicated that an amended pleading will be filed omitting the *Monell* claims.  The filing of a second amended complaint may moot the issues presented in the pending 12b6 Motion to Dismiss.

  6. <u>Evidence Preservation</u>: Documents in the possession, custody and control of defendants that are relevant to the issues reasonably evident in this action have been gathered and preserved by defendants.

  7. <u>Disclosures</u>:

<u>Plaintiff</u> has not yet served their initial disclosures pursuant to Fed.R.Civ. P. 26.

<u>Defendants</u> served their initial disclosures pursuant to Fed.R.Civ. P. 26, as follows:

**(A) Persons likely to have discoverable information relevant to disputed facts alleged with particularity as the incident and events leading to plaintiff's arrest on 10-23-06 at 56 Bayview in San Francisco:**

- Officer Matthew Mason #1703: defendant
- Officer Lazano, #502, defendant
- Officer Rodriguez #156, defendant
- Officer Dizon # 710, defendant
- Officer Cabuntala #1528, defendant
- Officer Odum # 983, defendant
- Officer Lee #1386
- Officer Turner # 780
- Officer Chu #4192
- Officer Graves #1734
- Officer Anderson #4232
- Officer Guzman #2066
- Officer Darnell #4231
- Officer Hopkins #464
- Beverly Gangel, Manager A-One Rental
- Officer Sean Frost #1507

- Officer Minasian # 310
- Officer Mike Biel #677
- Inspector Repetto #23
- Emergency Communications Dept. Custodian of Records
- Emergency Communications Dept. Dispatcher 05 on 10-23-06
- Emergency Communications Dept. Dispatcher 12 on 10-23-06
- Lisa Davis, 56 Bayview

**(B) Documents in the custody or control of defendants:**

    1. SFPD incident report and documentation of the incident, including citation.

    2. SFPD use of force log for incident.

    3. Event History Detail (Computer Assisted Dispatch) for the event that evening.

    4. SFPD policies and procedures manuals.

    5. Inspector's case file.

    6. Mugshot Profile

    7. County Jail Field Arrest Card

    8. County jail medical and custodial records

    9. Inventory of Evidence including A-one Rental rental agreement, written demand letter, documentation of ownership, written demand postal receipt, hotsheet, notes and reports related to stolen vehicle.

**(C) Computation of damages:**

Plaintiff claims damages for personal injury and loss of income in an amount neither stated nor documented at this time.

The San Francisco defendants are not claiming any damages in this suit.

**(D) Relevant Insurance Documents:**

There is no insurance.

8. <u>Discovery</u> Plaintiff anticipates propounding interrogatories and deposing as yet unspecified police officers and possibly the witness Lisa Davis.

Defendants will also conduct discovery pursuant to Federal and Local Rules, including special interrogatories, deposing the plaintiff, any identified civilian witnesses, and subpoenaing plaintiff's medical records. Defendant may also seek to have plaintiff examined by a physician. Defendant will conduct expert discovery before trial.

9. <u>Class Actions</u>: This is not a class-action matter.

10. <u>Related cases:</u>  None.

11. <u>Relief:</u> Plaintiff seeks monetary damages for personal injury to his eye. No wage loss is claimed. Plaintiff also seeks statutory damages for alleged civil rights violations. Defendants are not seeking damages, but each defendant will individually seek costs in the event of a finding of prevailing party status.

12. ADR parties have stipulated to ENE, requesting a deadline of January 31, 2008. The parties expect they will be in a position to discuss settlement after the depositions of the parties have been conducted.

13. <u>Consent to Magistrate For All Purposes</u>: Defendants did not consent and the case was reassigned to Hon. Susan Illston.

14. <u>Other References:</u> None requested by defendants.

15. <u>Narrowing of Issues</u>: Plaintiff indicated he would be filing an amended complaint that would eliminate the *Monell* claims. Following discovery, Defendants may seek to narrow the issues in the case through motions for summary judgment and/or motions for judgment on the pleadings as appropriate.

16. <u>Expedited Schedule</u>: Not requested by defendants.

17. <u>Scheduling:</u> Factual discovery can be completed by June 30, 2008, and expert discovery can be completed by September 30, 2008. Any motions for summary judgment or partial summary judgment to be heard by November 1, 2008

The parties request a trial date in December 1, 2008, with a pre-trial conference on November 14, 2008.

18. <u>Trial</u>: Plaintiff and defendants request a jury trial. Trial will take approximately ten court days.

19. <u>Disclosure of Non-Party Interested Entities or Persons:</u> Does not apply to defendants pursuant to Rule 3-16.

20. <u>Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.</u>  None at this point.

Dated: September 14, 2007

        By:_____//s//_____
           HARRIET ROSS
           Attorneys for Plaintiff
           HENRY GIVENS

Dated:  September 14, 2007

           DENNIS J. HERRERA
           City Attorney
           JOANNE HOEPER
           Chief Trial Deputy
           DAVID B. NEWDORF
           JAMES F. HANNAWALT
           Deputy City Attorneys

        By:_____//s//_____
           JAMES F. HANNAWALT
           Attorneys for Defendants
           CITY AND COUNTY OF SAN FRANCISCO, et al.