```
1  DENNIS J. HERRERA, State Bar #139669
   City Attorney
2  JOANNE HOEPER, State Bar #114961
   Chief Trial Deputy
3  DAVID B. NEWDORF, State Bar #172960
   JAMES F. HANNAWALT, State Bar #139657
4  Deputy City Attorneys
   Fox Plaza
5  1390 Market Street, 6th Floor
   San Francisco, California 94102-5408
6  Telephone:    (415) 554-3892
   Facsimile:    (415) 554-3837
7  E-Mail:       david.newdorf@sfgov.org

8

   Attorneys for Defendants
9  CITY AND COUNTY OF SAN FRANCISCO, et al.
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| HENRY GIVENS,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, A MUNICIPAL CORPORATION, POLICE OFFICERS RODRIGUEZ NO. 156; CABUNTALA, NO. 7523; CORREA, NO. 4210; DIZON, NO. 110; LAZANO, NO. 554; AND MASON, NO. 1703, MCGUIRE NO. 4214, INDIVIDUALLY AND SAN FRANCISCO POLICE OFFICERS,<br><br>　　　　Defendants. | Case No. C 07 2861 SI<br><br>**STIPULATION AND ORDER TO WITHDRAW DEFENDANTS' MOTION TO DISMISS AND GRANT LEAVE TO PLAINTIFF TO FILE SECOND AMENDED COMPLAINT FOR DAMAGES** |
|---|---|

　　　　Whereas, this Defendant's Motion to Dismiss plaintiff's Amended Complaint is set for hearing on September 28, 2007 at 9 am before Hon. Susan Illston;

　　　　Whereas, plaintiff has prepared a Second Amended Complaint, a copy of which is attached, which addresses issues raised in Defendants' Motion to Dismiss;

---

Stipulation And Order Withdraw Mo Dismiss and Grant
Leave to File 2d Amended Complaint
Case No. C 07 2861

1

n:\lit\li2007\071621\00438967.doc

Whereas the parties stipulate to the filing of the attached Second Amended Complaint;

Defendants hereby agree to withdraw their Motion to Dismiss the Amended Complaint set for hearing on September 28, 2007 at 9 am before Hon. Susan Illston on the condition that the the court grants leave for plaintiff to file the attached Second Amended Complaint;

Dated:

By: /s/
HARRIET ROSS
Attorney for Plaintiff
HENRY GIVENS

Dated:

DENNIS J. HERRERA
City Attorney
JOANNE HOEPER
Chief Trial Deputy
DAVID B. NEWDORF
JAMES F. HANNAWALT
Deputy City Attorneys

By: /s/
JAMES F. HANNAWALT
Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO, et al.

## ORDER

Pursuant to the stipulation of the parties set forth above, and for good cause shown, the court grants the parties leave to withdraw the Defendants' Motion to Dismiss the Amended Complaint set for hearing on September 28, 2007 and grants the plaintiff leave to file the Second Amended Complaint which is the subject of the above stipulation.

Dated: _____
HON. SUSAN ILSTON
Judge of the United States District Court

HARRIET ROSS SB25124
One Embarcadero Center Ste 500
San Francisco, CA 94111
Tel: (415) 775-3523
Fax: (415) 775-7491
email: _____

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY GIVENS, | Case No. C07 2861 SI |
| Plaintiff, | SECOND AMENDED COMPLAINT FOR DAMAGES |
| vs. | JURY TRIAL DEMANDED |
| San Francisco Police Officers Rodriguez, No. 156; Cabuntala, No. 1528; Correra, No. 4210; Dizon, No.110; Lanzano, No. 554; Mason, No. 1703; McGuire No. 8214; and Odum, No. 983, individually and as San Francisco Police Officers, | |
| Defendants. | |

**1. INTRODUCTION**

This is an action brought by Plaintiff for compensatory and punitive money damages, against all defendants police officers above named for violating his civil rights, when the named police officers attacked, and injured the plaintiff during an arrest in the City and County of San Francisco on October 22, 2006. The result of this violent, intentional and unconstitutional conduct was severe physical and emotional damage to plaintiff. As a proximate result of the beating in the hands of the defendants, plaintiff suffered permanent injuries to his eyes, head, neck back and body. As a proximate result of said conduct of the defendants Plaintiff required medical treatment and is still receiving medical treatment for said injuries.

COMPLAINT                1

## II. JURISDICTION AND VENUE

2. The Court has jurisdiction of these claims under the Federal Civil Rights Act 42 U.S.C. 1983, The United States Constitution and Federal Constitutional law.

3. Venue in this Court is proper because the acts complained of occurred in the City and County of San Francisco, California and the parties live, work or are situated in the City and County of San Francisco, California.

4. Plaintiff filed a claim with the City and County of San Francisco on November 15, 2006, and the claim was denied on December 1, 2006.

## III. PARTIES

5. Plaintiff, Henry Givens is a U.S. citizen and resident of San Francisco, California.

6. Defendants Police Officers Rodriguez, Cabuntala, Cornera, Dizon, Lanzano, Mason, McGuire and Odum are employed as Police Officers by the Police Department of the City and County of San Francisco.

7. All defendants are jointly and severally liable for any damages awards.

## IV. FACTUAL ALLEGATIONS (Related to all Causes of Action)

8. On or about October 22, 2006 at 1:30 a.m., near Newhall & McKinnon Streets in San Francisco, California, Plaintiff was driving a rental car upon which the lease had expired. He was in the process of obtaining an extension on the lease. At that time and place, Plaintiff observed a police car behind him, no lights or siren on that car were activated at that time. Plaintiff fearing that he might be stopped and arrested and he feared being beaten if arrested. (Police in the area had a reputation for abusing arrestees.) Plaintiff drove at the accepted rate of speed to 56 Bay View, San Francisco, rang the bell of his friend's house to obtain a witness to the arrest. He then laid on the sidewalk face down as the police officers approached him anticipating that that would be their order to do. The police officers came to him and beat him around the upper body using batons, fists and in addition kicked him. Plaintiff was not resisting the officers at any time. The brutality of the conduct of the police resulted in Plaintiff being taken

COMPLAINT                                2

to the hospital for treatment for the injuries to his face, back, neck eyes and lower extremities.

At the time off the beating Plaintiff was not resisting the officers but making every effort to cooperate with them.

9. As s direct and proximate result of the beating, Plaintiff still suffers complaints from disabilities caused by the eating and also his eyesight has been adversely effected. He has received medical treatment for his complaints and he continues to receive medical treatment for his injuries.

## V. CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### Unnecessary, Unreasonable and Excessive Force
### 42 U.S.C. Sec1983, Fourth Amendment to the U.S. Constitution

10. Plaintiff hereby incorporates the allegations of paragraphs 1-9 herein. The use of excessive force on Plaintiff in beating him unmercifully without any justification, causing injuries, defendants used unreasonable, unnecessary and excessive force, in violation of plaintiff's Fourth Amendment rights.

### SECOND CAUSE OF ACTION
### Intentional Infliction of Emotional Distress
### California Common Law
### (All Defendants

11. Plaintiff incorporates by reference the allegations of paragraphs 1-10 herein. Defendants, the above-named police officers, are liable for the emotional distress they caused plaintiff by their shocking and outrageous actions, including without limitation that which resulted in the brutal attack.

### THIRD CAUSE OF ACTION
### Failure to Intervene
### California Common Law
### (All Defendants I)

12. Plaintiff incorporate by reference paragraphs 1-11, herein. The above-named defendants are each liable for failing to intervene in or to stop or mitigate the assault and battery, intentional infliction of emotional distress committed by each of the defendants.

COMPLAINT                              3

## VI NO IMMUNITY

14. Regarding all actions and causes of action herein and stated, all defendants, violated rights held by Plaintiff which were clearly established and no reasonable official similarly situated to any of the defendants could have believed that his conduct was lawful within the bounds of reasonable discretion. All individual defendants, thus lack qualified or statutory immunity from suit or liability.

## VII. DAMAGES AND REMEDIES

15. As an actual and proximate result of the wrongs complained of, Plaintiff suffered general and special compensatory damages including direct, indirect and emotional damage, presumed damages and nominal damages, well in excess of the jurisdiction minimum of $25,000.00, in amounts to be determined at the trier of fact.

16. In addition, the individual defendants are liable to Plaintiff for punitive (exemplary) damages for their malicious and oppressive conduct, as described in all of the foregoing paragraphs, in amounts to be determined by the trier of fact.

17. Plaintiff is entitled to nominal damages for the violation of his civil right to be free of physical and emotional abuse by persons acting under color of law, a violation fo the Fourth Amendment of the United States Constitution.

## VIII JURY TRIAL DEMAND.

18. Plaintiff demands a trial by jury as to each and every count against each and every defendant.

## IX. PRAYER FOR RELIEF

19. WHEREFORE, Plaintiff prays for relief as follows:

(1) for general and special compensatory damages, (including direct,.indirect and emotional damages), presumed damages, and nominal damages, well in excess of jurisdictional minimum of $25.000.00 in amounts to be determined by the trier of fact.

COMPLAINT                                4

(2) For punitive (exemplary) damages against the individual defendants, in amounts to be determined by the trier of fact.

(3) For reasonable attorneys' fees and costs and expenses of litigation pursuant to 42 U.S.C. Sec. 1983.

(4) For such other relief as the Court deems just and proper.

Dated: September 19, 2007

HARRIET ROSS, Attorney for Plaintiff

COMPLAINT

5