DENNIS J. HERRERA, State Bar #139669
City Attorney
JOANNE HOEPER, State Bar #114961
Chief Trial Deputy
DAVID B. NEWDORF, State Bar #172960
JAMES F. HANNAWALT, State Bar #139657
Deputy City Attorneys
Fox Plaza
1390 Market Street, 6th Floor
San Francisco, California 94102-5408
Telephone:     (415) 554-3913
Facsimile:     (415) 554-3837
E-Mail:        james.hannawalt@sfgov.org

Attorneys for Defendants
SAN FRANCISCO POLICE OFFICERS RODRIGUEZ ET AL.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY GIVENS,<br><br>             Plaintiff,<br><br>     vs.<br><br>San Francisco Police Officers Rodriguez No. 156; Cabuntala, No. 1528; Correa, No. 4210; Dizon, No. 110; Lanzano, No. 554; Mason, No. 1703, McGuire No. 8214, Odum 983, Individually And San Francisco Police Officers,<br><br>             Defendants. | Case No. C 07 2861 SI<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT; DEMAND FOR JURY TRIAL** |

Defendants POLICE OFFICERS RODRIGUEZ NO. 156; CABUNTALA, NO. 1528; CORREA, NO. 4210; DIZON, NO. 110; LANZANO, NO. 554; MASON, NO. 1703, MCGUIRE NO. 4214, AND ODUM NO. 983 ("defendants") respond to the plaintiff's Second Amended Complaint for Damages (unnecessary, unreasonable and excessive force, intentional infliction of emotional distress, failure to intervene)" ("Second Amended Complaint") as follows:

1.   Defendants deny the allegations in paragraph one of the Second Amended Complaint.

2.   Defendants admit the allegations in paragraph two of the Second Amended Complaint.

3. Defendants admit that venue is proper, but lack sufficient information to enable them to form a belief as to the truth of the allegations that Mr. Givens lives, works or is presently situated in San Francisco.

4. Defendants admit the allegations in paragraph four of the Second Amended Complaint.

5. Responding to the allegations in paragraph five of the Second Amended Complaint, defendants lack sufficient information to enable them to form a belief as to the truth of the allegations in this paragraph, and on that basis deny these allegations.

6. Defendants admit the allegations in paragraph six of the Second Amended Complaint.

7. Defendants deny the allegations in paragraph seven of the Second Amended Complaint.

8. Defendants deny the allegations in paragraph eight of the Second Amended Complaint.

9. Defendants deny the allegations in paragraph nine of the Second Amended Complaint.

10. Defendants deny the allegations in paragraph ten of the Second Amended Complaint.

11. Defendants deny the allegations in paragraph eleven of the Second Amended Complaint.

12. Defendants deny the allegations in paragraph twelve of the Second Amended Complaint.

13. Omitted by plaintiff.

14. Defendants deny the allegations in paragraph fourteen of the Second Amended Complaint.

15. Defendants deny the allegations in paragraph fifteen of the Second Amended Complaint.

16. Defendants deny the allegations in paragraph sixteen of the Second Amended Complaint.

17. Defendants deny the allegations in paragraph seventeen of the Second Amended Complaint.

18. Defendants admit the allegations in paragraph eighteen of the Second Amended Complaint and join in the request for jury trial.

19. Defendants deny plaintiff is entitled to recover the damages alleged in paragraph nineteen of the Second Amended Complaint.

Defendant also alleges the following affirmative defenses:

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

As a separate and affirmative defense to the Second Amended Complaint and to each and every allegation contained therein, defendant alleges that the Second Amended Complaint and each and every allegation contained therein, whether considered singly or in any combination, fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

As a separate and affirmative defense to the Second Amended Complaint and to each and every allegation contained therein, defendant alleges that at all times and places mentioned in the Second Amended Complaint, defendants and each of them acted without malice and with a good faith belief in the propriety of its conduct.

### THIRD AFFIRMATIVE DEFENSE

As a separate and affirmative defense to the Second Amended Complaint and to each and every allegation set forth therein, defendants allege that at all times mentioned in the Second Amended Complaint, defendants performed and discharged in good faith each and every obligation, if any, owed to plaintiff.

### FOURTH AFFIRMATIVE DEFENSE

As a separate and affirmative defense to the Second Amended Complaint and to each and every allegation contained therein, defendants allege that defendants' conduct at all times material herein was privileged and/or justified under applicable law.

/ / /

/ / /

**FIFTH AFFIRMATIVE DEFENSE**
(Statutory Immunity)

The City and its employees are immune from all liability alleged in the complaint and each and every cause of action therein pursuant to Government Code Sections 815(b); 815.2(b); 815.4; 818.4; 818.6, 818.7; 818.8; 820(b); 820.2; 820.4; 820.6; 820.8; 821; 821.2; 821.4; 821.6; 821.8; 822; 822.2; 830.2; 830.4; 830.6; 830.8; 830.9; 831; 831.2; 831.25; 831.3; 831.4; 831.5; 831.6; 831.7; 831.8; 835.4; 840.6; 844.6; 845; 845.2; 845.4; 845.6; 845.8; 846; 850; 850.2; 850.4; 854.8; 855; 855.2; 855.4; 855.6; 855.8; 856; 856.2; 856.4; California Vehicle Code sections 16004 and 17004.7; California Penal Code sections 142, 148, 409, 834a, 834, 835, 835a, 836, 844, 845, 847, 849, 1531 and 1532; California Welfare and Institutions Code sections 5150, 5113, 5153, 5154, 5173; and Civil Code section 43.5 and related provisions of these code sections and interpretative case law.

**SIXTH AFFIRMATIVE DEFENSE**

(Failure To Comply With Claim Requirements—Presentation Of All Claims)

Plaintiff was required to present any and all claims against the defendant in the form of a timely government claim. Plaintiff's purported causes of action alleged in the complaint are limited to the allegations contained in any timely government claim plaintiff may have presented. To the extent the complaint attempts to enlarge or expand upon the allegations asserted in such government claim, if any, the complaint fails to state a cause of action and is barred pursuant to the California Government Code, including but not limited to Government Code Sections 905, 910, and 911.2, and related code provisions and interpretive case law.

**SEVENTH AFFIRMATIVE DEFENSE**

As a separate and affirmative defense to the Second Amended Complaint and to each and every allegation contained therein, defendants allege that the Second Amended Complaint is barred by the doctrine of unclean hands.

/ / /

**EIGHTH AFFIRMATIVE DEFENSE**

As a separate and affirmative defense to the Second Amended Complaint and to each and every allegation contained therein, defendants allege that plaintiff is estopped by his conduct from asserting any cause of action against defendants.

**NINTH AFFIRMATIVE DEFENSE**

As a separate and affirmative defense to the Second Amended Complaint and to each and every allegation contained therein, defendants allege that, by his conduct, plaintiff has waived any right to recover any relief by the Second Amended Complaint.

**TENTH AFFIRMATIVE DEFENSE**

As a separate and affirmative defense to the Second Amended Complaint and to each and every allegation contained therein, defendants allege that any relief sought by plaintiff is barred by the doctrine of laches.

**ELEVENTH AFFIRMATIVE DEFENSE**

As a separate and affirmative defense to the Second Amended Complaint and to each and every allegation contained therein, defendants allege that plaintiff has failed to use due diligence to mitigate his damages, if any.

**TWELFTH AFFIRMATIVE DEFENSE**

As a separate and affirmative defense to the Second Amended Complaint and to each and every allegation contained therein, defendants allege that any liability of defendants is barred by the provisions of California Government Code sections 815, 815.2, 820.2 and 820.4, and other applicable provisions of law and each of them, since any liability of defendant would have resulted from the acts or omissions, if any, by public employees in the exercise of due care in the execution and enforcement of the law.

**THIRTEENTH AFFIRMATIVE DEFENSE**

As a separate and affirmative defense to the Second Amended Complaint and to each and every allegation contained therein, defendants allege that defendants are not liable under the provisions of California Government Code sections 815, 815.2 and/or 820.2, and other applicable provisions of law and each of them, in that any damages to plaintiff as alleged in the Complaint

would have resulted from acts or omission committed in the exercise of discretion vested in public employees.

**FOURTEENTH AFFIRMATIVE DEFENSE**

As a separate and affirmative defense to the Second Amended Complaint and to every allegation therein, defendant alleges that the Second Amended Complaint should be dismissed based on plaintiff's failure to diligently prosecute this action, and his failure timely to effect service of process.

**FIFTEENTH AFFIRMATIVE DEFENSE**

As a separate and affirmative defense to the Complaint and to each and every allegation therein, defendants allege that plaintiff's maintenance of this action is frivolous, vexatious and unreasonable, thereby entitling defendants to an award of attorneys' fees.

**SIXTEENTH AFFIRMATIVE DEFENSE**

As a separate and distinct affirmative defense to the Complaint, defendants allege that the actions complained of are protected by the doctrine of qualified immunity as set forth in *Anderson v. Creighton*, 107 S. Ct. 3034 (1984), and related cases.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

As a separate and affirmative defense to the Second Amended Complaint and to every allegation therein, defendants allege that this action is barred due to the doctrine of res judicata and/or collateral estoppel.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Defendants allege that they are immune from suit pursuant to the immunities set forth in Article 3 of the California Government Code, including, but not limited to, sections 820, 820.2 (discretionary acts), 820.25 (peace officers or law enforcement officials; decision not to render assistance or to respond to an emergency); 820.8 (acts or omissions of others) and 822.2 (misrepresentation).

**NINETEENTH AFFIRMATIVE DEFENSE**

As a separate and affirmative defense to the Second Amended Complaint and to each and every allegation therein, defendants allege that defendants are not liable under the provisions of

California Code of Civil Procedure section 425.16 in that any damages to plaintiff as alleged in the Second Amended Complaint would have resulted from acts or omission committed in the valid exercise of the constitutional right to freedom of speech.

### TWENTIETH AFFIRMATIVE DEFENSE
(Self Defense And Defense Of Others)

Defendant alleges that if in fact any force was used against plaintiff, said use of force was the lawful exercise of the right of self-defense and defense of the public and privileged and/or justified by law, and any recovery pursuant to said use of force is barred.

### TWENTY-FIRST AFFIRMATIVE DEFENSE
(Privileged Use Of Force)

Defendant alleges that if in fact any force was used to control plaintiff, such force was authorized and privileged pursuant to Sections 835 and 835a of the California Penal Code and as a proximate result thereof plaintiff is barred from any recovery herein for any alleged injury or damage if any there were.

### TWENTY-SECOND AFFIRMATIVE DEFENSE
(Assumption Of The Risk)

Plaintiff had full knowledge of the risk involved in the activity in which plaintiff was engaged at the time of the occurrence of the incident set forth in the complaint. Plaintiff voluntarily assumed all the risks incident to the activity engaged in at the time and place mentioned in the complaint, and the loss or damage, if any, sustained by plaintiffs was caused by those risks.

### TWENTY-THIRD AFFIRMATIVE DEFENSE
(Comparative Negligence)

Plaintiff was negligent in and about the matters and activities alleged in the complaint. This negligence contributed to and was a proximate cause of plaintiff's alleged injuries and damages, if any, or was the sole cause thereof. If plaintiff is entitled to recover damages against this defendant by

virtue of the complaint, this defendant prays that the recovery be diminished or extinguished by reason of the negligence of the plaintiff in proportion to the degree of fault attributable to the plaintiff.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE
(Comparative Fault)

The fault of persons other than this defendant contributed to and proximately caused the alleged incident. Under the principles formulated in the case American Motorcycle Association v. Superior Court (1978) 20 Cal.3d 578, this defendant prays that the percentage of such contribution be established by special verdict or other procedure, and that this defendant's ultimate liability be reduced to the extent of such contribution.

### JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure and Civil Local Rule 3-6, defendants demand a jury trial.

WHEREFORE, defendant prays for judgment as follows:

1. That plaintiff take nothing from defendant;
2. That the Second Amended Complaint be dismissed with prejudice;
3. That defendant recover costs of suit herein, including attorneys' fees; and
4. For such other relief as is just and proper.

Dated: December 5, 2007

        DENNIS J. HERRERA
        City Attorney
        JOANNE HOEPER
        Chief Trial Deputy
        DAVID B. NEWDORF
        JAMES F. HANNAWALT
        Deputy City Attorneys

By:_____
    JAMES F. HANNAWALT
    Attorneys for Defendants SAN FRANCISCO POLICE
    OFFICERS RODRIGUEZ ET AL.