CITY AND COUNTY OF SAN FRANCISCO     OFFICE OF THE CITY ATTORNEY



DENNIS J. HERRERA
City Attorney

JAMES F. HANNAWALT
Deputy City Attorney

DIRECT DIAL: (415) 554-3913
E-MAIL:     james.hannawalt@sfgov.org

June 20, 2008

The Honorable Susan Illston
United States District Court
450 Golden Gate Avenue
Courtroom 10, 19th Floor
San Francisco, CA  94102

    Re:    Givens v. CCSF et al.
            U.S. Dist. Court Case No. C07 2861

Hon. Susan Illston:

    This letter is written pursuant to your standing order No. 2 regarding Discovery Disputes.

    **A.**    **Background**

    This is a lawsuit against the City and County of San Francisco and eight individual police officers, alleging that excessive force was used in arresting plaintiff Henry Givens on October 23, 2006.  Plaintiff alleges personal injury and economic loss in excess of $80,000 from his real estate investment business.

    **B.**    **The Dispute**

    Plaintiff's deposition was initiated April 15, 2008.  When asked about his prior arrests by the San Francisco Police Dept., plaintiff refused to answer any questions on the topic.  Defense counsel met and conferred with plaintiff's counsel at the deposition, and defense counsel explained that defendants were seeking discovery on the issue of bias and that at a discovery deposition, defendants should be permitted to inquire in this area.  Plaintiff's counsel objected because she had not been provided copies of the police reports related to plaintiff's eleven prior arrests by the SFPD.  Defense counsel provided plaintiff's counsel with copies of the police reports, and it was agreed the deposition would be continued until April 23, 2008 allowing plaintiff's counsel the opportunity to review the police reports.  However, when the deposition resumed on April 23, plaintiff again refused to answer questions on the topic of prior arrests.  Further, plaintiff refused to answer questions related to the details of his real estate investment business.  Furthermore, plaintiff has produced no documents regarding his claimed economic damages in this case, although production of the documents was requested with the deposition notice.

    **C.**    **Relief Sought**

    Defendants seek an order compelling plaintiff to answer questions regarding his arrests by the SFPD prior to October 23, 2006, and regarding the details of his real estate investment business.  Further, defendants seek an order compelling production of documents that plaintiff claims substantiates his claimed economic damages in this case.  Finally, defendants respectfully request that plaintiff be ordered to pay the costs of the second unfruitful session of plaintiff's deposition, which costs would not have been incurred had plaintiff's counsel not agreed to allow inquiry about the prior arrests after she had the opportunity to review the police reports.

FOX PLAZA · 1390 MARKET STREET, 6TH FLOOR · SAN FRANCISCO, CALIFORNIA  94102
RECEPTION: (415) 554-3800   FACSIMILE: (415) 554-3837

n:\lit\li2007\071621\00491918.doc

CITY AND COUNTY OF SAN FRANCISCO                                OFFICE OF THE CITY ATTORNEY

Letter to
Hon. Susan Illston
Page 2
June 20, 2008

### D. Meeting and Conference

On April 28, 2008, defense counsel wrote to plaintiff's counsel in an effort to meet and confer pursuant to L.R. 37-1(a). Plaintiff's counsel responded on May 27, 2008 refusing to make plaintiff available for deposition testimony regarding his real estate transactions or his prior arrests by the San Francisco Police Dept.

### E. Basis For Deposition Discovery

Real Estate Investment Discovery

Mr. Givens refused to provide information about his "real estate investment" business, which Mr. Givens stated in his verified interrogatory responses earned him $12,000 per month in 2006. Plaintiff is making a substantial income loss claim. Plaintiff refused the offer of a stipulation that if no income or economic loss is claimed at trial in connection with the real estate investment business, then defendants would not ask about the details of the "real estate investment" business. Consequently, defendants must prepare to defend the claim that Mr. Givens once made a lot of money in real estate investments that he could no longer earn due to the alleged use of excessive force on October 23, 2006.

The first step in developing the defense to plaintiff's income loss claim is to ascertain whether the claims are true. Plaintiff's offer to provide tax returns and bank statements (which have not yet been provided) may be useful, and the bank records along with any other business records verifying the economic loss should have been provided already in response to the document production request accompanying the deposition notice.

Mr. Givens has been convicted of a felony for fraudulently using other people's credit cards. Given plaintiff's history of using other people's financial documents, the City reasonably seeks to verify that a viable business enterprise actually existed and that it earned the tens of thousands of dollars Mr. Givens claims. To do this, defendants seek to know where Mr. Givens conducted his business, with whom he conducted his business, what properties were bought and sold, how title was held and transferred, which financial institutions were involved in the real estate transactions, etc. All Mr. Givens would tell us is that he and his brother bought unspecified foreclosed residential properties in undisclosed locations and resold them, without providing any specific information that would allow confirmation or refutation of the income claimed.

Despite a document production request accompanying the deposition notice, no financial documents or business records in support of plaintiff's wage loss claim have been provided. Therefore, defendants respectfully request that the court order plaintiff to answer questions regarding his business and produce documents that relate to his alleged business activities.

Prior Arrests By SFPD

Despite an agreement at the first session of plaintiff's deposition, Mr. Givens refused to answer questions regarding his eleven prior arrests by the San Francisco Police Department. Plaintiff's prior interactions with the San Francisco Police Department are discoverable and relevant to the issue of bias. *Heath v. Cast* 813 F.2d 254 (1986). Mr. Givens refusal to answer questions on April 23, 2008 regarding his prior arrests by the SFPD was disappointing because it was agreed at the first session of Mr. Givens deposition on April 15, 2008 that we would suspend the deposition so you and your client could review the incident reports that were provided to you on April 15 and that we would reconvene for questioning related to he prior arrests. If plaintiff's

CITY AND COUNTY OF SAN FRANCISCO                    OFFICE OF THE CITY ATTORNEY

Letter to
Hon. Susan Illston
Page 3
June 20, 2008

counsel had not made this agreement, then defendants would not have incurred the expense of a second, non-productive deposition session.

    **F.    Costs**

The cost of the second session of Mr. Givens' deposition was $816.98.

    Respectfully submitted,

    DENNIS J. HERRERA
    City Attorney

    _____/s/_____
    James F. Hannawalt
    Deputy City Attorney

CC:
Harriet Ross, Esq.
One Embarcadero Center, Suite 500
San Francisco, Ca 94111