*Harriet Ross*

**TRIAL LAWYER**

July 1, 2008

The Honorable Susan Illston
District Court Judge
United States District Court
Courtroom 10, 19th Floor
San Francisco, CA 94102

Re: Givens v. City & County of San Francisco, et al.
U.S. District Court No. C07 2861

Dear Judge Illston:

### A. Background

This is a lawsuit against th City and County of San Francisco and eight San Francisco Police Officers for damages resulting from the use of excessive force during an arrest in San Francisco on October 23, 2006.

### B. Dispute

a. The Defendants have stated their dispute. The plaintiff initially objected to the questioning of Plaintiff on the subject o prior arrests because they were not relevant nor would they result in admissible evidence. Evidence of arrests or convictions of misdemeanor (unless involving honesty) are not admissible in evidence. Also whatever happened on prior arrests of Plaintiff is not relevant to what happened to him on the instant arrest. The reports of the arrests are detailed and no comments by the Plaintiff would enhance the information sought by the defense. All the records of the City and County of San Francisco are readily available to the defense and the record of convictions of the Plaintiff is just a telephone call. away for the defense., possession of the incident reports of the arrests involved here is the example of that . Regardless of what occurred on prior arrests, no lawsuit was ever brought for excessive use of force by the Plaintiff. Plaintiff objected to the questions on the arrests based on reports in the possession of defendant. Defendant did not disclose these reports in their initial disclosures. It took four hours to read thee reports carefully and, as a result, Plaintiff is still unwilling to have Plaintiff questioned on them for the forgoing reason, that it will not leead to admissable evidence.

b. The Plaintiff has requested disciplinary records on the conduct of the defendants for use of force. This would lead to evidence of habit and reputation for excessive use of force and consequently admissible evidence.
    The Plaintiff has requested evidence of the lodging of Citizens Complaints with the Citizens Complaints Bureau against the defendants. This has been refused by the defense. This evidence would lead to admissible evidence on reputation and credibility and should be disclosed to the Plaintiff. During the

Page 2.

Course of the depositions of the defendants, it was disclosed that each of two of them, Officer Mason and Lozano, had two lawsuits brought against them for excessive use of force.. Plaintiff asked for the title of the Court and Cause of these cases and it has been refused on the basis that the County Clerks's records were available to Plaintiff to investigate. This is true, but common courtesy would dictate that this information could easily be disclosed and is reasonable discovery which could lead to admissible evidence.

**D. Relief sought**

Plaintiff would like to have his objection to inquiry regarding the arrests involved upheld.

Plaintiff would like to have an order requiring the defense to disclose the disciplinary records of the defendants regarding use of force, Citizens Complaints for excessive use of force, and the Title of the Court and Cause of law suits brought against defendants for excessive use of force.

**E. Defense basis for Real Estate Discovery**

The defendant is presently in State Prison but is available for Deposition. At the Deposition he objected to inquiries about his real estate transactions. He stated they he would provide copies of his income tax returns to substantiate his income from those transactions and that would give information regarding the real estate ttransactions and the income therefrom. Defendant stated that he did not want to have other people involved in his litigation, other than actual witnesses to the event which resulted in the lawsuit. Plaintiff's attorney has been trying to obtain the tax returns ever since the date of the deposition and has been unsuccessful in doing so.

Respectfully submitted,

*Hanni Glass*

cc: James F. Hannawalt