CITY AND COUNTY OF SAN FRANCISCO                    OFFICE OF THE CITY ATTORNEY



DENNIS J. HERRERA
City Attorney

JAMES F. HANNAWALT
Deputy City Attorney

DIRECT DIAL: (415) 554-3913
E-MAIL: james.hannawalt@sfgov.org

July 4, 2008

The Honorable Susan Illston
United States District Court
450 Golden Gate Avenue
Courtroom 10, 19th Floor
San Francisco, CA  94102

Re:   Givens v. CCSF et al.
      U.S. Dist. Court Case No. C07 2861

Hon. Susan Illston:

    This letter is written pursuant to your standing order No. 2 regarding Discovery Disputes, and is written in response to the portion of plaintiff's July 1, 2008 that addresses plaintiff's document request for disciplinary records related to use of force, OCC complaints, and information about other lawsuits against the defendant officers.

### A.   Plaintiff's counsel has not met and conferred regarding the document production issues raised in plaintiff counsel's July 1, 2008 letter.

    Plaintiff served a notice to produce documents and defendants objected.  The requests and objections related to the dispute set forth in plaintiff counsel's July 1, 2008 letter were as follows:

REQUEST NO. 2:
    Any and all documents that comprise or are part of your personnel file, including the disciplinary record, and any other documents concerning your hiring, training, duties, performance, assignments and mental and physical condition.

RESPONSE TO REQUEST NO. 2:
    Defendants object to this request as identical to plaintiff's initial document production request.  Defendants incorporate the preliminary statement and general objections set forth above in this response.  Defendants further object that this request exceeds the scope of permissible discovery (F.R.C.P. 26; discovery not permitted if it is "not reasonably calculated to lead to the discovery of admissible evidence").  Defendants further object to this request in that it is so overbroad, burdensome and oppressive such that it constitutes harassment.  Kelly v. City of San Jose, 114 F.R.D. 653, 666-667 (N.D. Cal. 1987) (frivolous claimants may not "harass law enforcement agencies with burdensome discovery into sensitive material").  Defendants further object to this request in that it violates defendants' right of privacy.  Soto v. City of Concord, 162 F.R.D. 603, 617 (N.D. Cal. 1995).  Defendants further object to this request in that it violates the official information privilege.  Miller v. Pancucci, 141 F.R.D. 292, 299 (C.D. Cal. 1992).  Plaintiff has dismissed his *Monnell* claims against the City, and the only remaining cause of action in the Amended Complaint is an allegation that exceesive force was used at the time of plaintiff's arrest on October 23,

FOX PLAZA · 1390 MARKET STREET, 6TH FLOOR · SAN FRANCISCO, CALIFORNIA  94102
RECEPTION: (415) 554-3800    FACSIMILE:  (415) 554-3837

n:\lit\li2007\071621\00494762.doc

CITY AND COUNTY OF SAN FRANCISCO                                  OFFICE OF THE CITY ATTORNEY

Letter to
Hon. Susan Illston
Page 2
July 4, 2008

2006. Therefore, records unrelated to the events of that arrest are irrelevant and the documents requested are not reasonably calculated to lead to the discovery of admissible evidence.

REQUEST NO. 3:

Any and all documents concerning or at all relevant to any formal or informal complaint made against or about you, from any source and concerning any subject matter.

This includes, but is not limited to:

a. documents concerning all complaints and other disciplinary or police review of activities by the Internal Affairs Bureau.

b. the complete documents concerning each incident listed on your disciplinary record.

c. the complete documents concerning all complaints and other disciplinary or internal police review of activities maintained by the San Francisco Police Department, and

d. all information contained in the computers maintained by the Internal Affairs Bureau of the San Francisco Police Department, including but not limited to the information which is retrievable by computer codes.

RESPONSE TO REQUEST NO. 3:

Defendants object to this request as identical to plaintiff's initial document production request. Defendants incorporate the preliminary statement and general objections set forth above in this response. Defendants further object that this request exceeds the scope of permissible discovery (F.R.C.P. 26; discovery not permitted if it is "not reasonably calculated to lead to the discovery of admissible evidence"). Defendants further object to this request in that it is so overbroad, burdensome and oppressive such that it constitutes harassment. Kelly v. City of San Jose, 114 F.R.D. 653, 666-667 (N.D. Cal. 1987) (frivolous claimants may not "harass law enforcement agencies with burdensome discovery into sensitive material"). Defendants further object to this request in that it violates defendants' right of privacy. Soto v. City of Concord, 162 F.R.D. 603, 617 (N.D. Cal. 1995). Defendants further object to this request in that it violates the official information privilege. Miller v. Pancucci, 141 F.R.D. 292, 299 (C.D. Cal. 1992). Plaintiff has no *Monell* claims against the City, and the only remaining cause of action in the Amended Complaint is an allegation that excessive force was used at the time of plaintiff's arrest on October 23, 2006. Therefore, records unrelated to the events of that arrest are irrelevant and the documents requested are not reasonably calculated to lead to the discovery of admissible evidence.

REQUEST NO. 5:

The title of the Court and cause of any lawsuit you have brought or which has been brought against you. This information should include the names of the parties, the names of the attorneys representing the parties. The date and reporter agency that took any deposition in any of the cases. The subject of the lawsuit and disposition of the case by way of trial or settlement.

RESPONSE TO REQUEST NO. 5:

Objection, defendants are not required to generate documents in response to a document production request. Objection on the grounds of attorney client privilege and attorney work product with regard to files and correspondence in defendants' possession related to lawsuits. Objection to the extent that pleadings are equally available to plaintiff from the clerk of the court where actions against defendant are filed.

REQUEST NO. 6:

Copies of all complaints filed against you at the San Francisco Office of Citizens' Complaints:

RESPONSE TO REQUEST NO. 6:

Defendants further object that this request exceeds the scope of permissible discovery (F.R.C.P. 26; discovery not permitted if it is "not reasonably calculated to lead to the discovery of admissible

CITY AND COUNTY OF SAN FRANCISCO                              OFFICE OF THE CITY ATTORNEY

Letter to
Hon. Susan Illston
Page 3
July 4, 2008

evidence"). Defendants further object to this request in that it is so overbroad, burdensome and oppressive such that it constitutes harassment. Kelly v. City of San Jose, 114 F.R.D. 653, 666-667 (N.D. Cal. 1987) (frivolous claimants may not "harass law enforcement agencies with burdensome discovery into sensitive material"). Defendants further object to this request in that it violates defendants' right of privacy. Soto v. City of Concord, 162 F.R.D. 603, 617 (N.D. Cal. 1995). Defendants further object to this request in that it violates the official information privilege. Miller v. Pancucci, 141 F.R.D. 292, 299 (C.D. Cal. 1992). Plaintiff has no *Monnell* claims against the City, and the only remaining cause of action in the Amended Complaint is an allegation that excessive force was used at the time of plaintiff's arrest on October 23, 2006. Therefore, documents related to SFPD disciplinary policies are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff's counsel did not respond to the objections raised by defense counsel before submitting her July 1, 2008 letter brief to court asking for the discipline records and lawsuit information.

> **B.    The Requests seeking personnel and discipline records for matters other than plaintiff's arrest on October 23, 2006 are neither relevant nor calculated to lead to the discovery of admissible evidence in this case.**

Plaintiff's second amended complaint alleges excessive force was used in violation of plaintiff's constitutional rights when plaintiff was arrested on October 23, 2006 by defendant police officers. Plaintiff also alleges intentional infliction of emotional distress and failure to intervene in connection with that one arrest. There is no allegation or cause of action based on any pattern or practice of the individual officers or of the San Francisco Police Dept.

Defendants concede that records related to the Mr. Givens' October 23, 2006 arrest are relevant and has produced the OCC complaint related to that incident, and defendants agree to produce SFPD disciplinary information related plaintiff's October 23, 2006 arrest subject to the stipulated protective order executed in this case.

Plaintiff counsel's stated purpose in obtaining all of the officers' disciplinary information related to matters other than the October 23, 2006 arrest is that these confidential personnel records would provide "evidence of habit and reputation for excessive force." But this kind of evidence is inadmissible under Federal Rule of Evidence 404(b), which provides that evidence of "*wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith.*"[Emphasis added] Because, according to plaintiff counsel's July 1, 2008 letter, that is exactly the stated purpose for obtaining the defendants' confidential personnel information, plaintiff counsel's request should be denied.

Plaintiff's purpose in obtaining defendants' disciplinary records is distinguishable from defendants' request for further discovery related to plaintiff's prior arrests by the SFPD. Information about plaintiff's prior arrests is discovery calculated to develop evidence of plaintiff's bias against the defendants, not a request to obtain evidence of plaintiff's character and pattern of resisting arrest. Therefore, a court ruling that grants defendants' motion to compel further discovery as requested in defendants' June 20, 2008 letter brief would be consistent with denying plaintiff's request for disciplinary records beyond those related to the plaintiff's October 23, 2006 arrest.

CITY AND COUNTY OF SAN FRANCISCO                           OFFICE OF THE CITY ATTORNEY

Letter to
Hon. Susan Illston
Page 4
July 4, 2008

### C. Plaintiff's request for lawsuit information is equally available to plaintiff's counsel and is not reasonably calculated to lead to the discovery of admissible evidence.

The existence of other lawsuits involving allegations of excessive force is irrelevant under FRE 404(b) for the same reasons that the confidential personnel records are irrelevant and inadmissible. To the extent that plaintiff's counsel seeks to uncover admissible evidence from these public records, plaintiff's counsel can expend her time and resources to follow up on those leads without enlisting the defendants to do the footwork.

Respectfully submitted,

DENNIS J. HERRERA
City Attorney


_____/s/_____
James F. Hannawalt
Deputy City Attorney

CC:
Harriet Ross, Esq.
One Embarcadero Center, Suite 500
San Francisco, Ca 94111