DENNIS J. HERRERA, State Bar #139669
City Attorney
JOANNE HOEPER, State Bar #114961
Chief Trial Deputy
DAVID B. NEWDORF, State Bar #172960
JAMES F. HANNAWALT, State Bar #139657
Deputy City Attorneys
Fox Plaza
1390 Market Street, 6th Floor
San Francisco, California 94102-5408
Telephone:    (415) 554-3892
Facsimile:     (415) 554-3837
E-Mail:         david.newdorf@sfgov.org

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO, et al.

RECEIVED

JUL -7 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY GIVENS, | Case No. C 07 2861 SI |
| Plaintiff, | STIPULATION AND [PROPOSED] PROTECTIVE ORDER |
| vs. | |
| CITY AND COUNTY OF SAN FRANCISCO, A MUNICIPAL CORPORATION, POLICE OFFICERS RODRIGUEZ NO. 156; CABUNTALA, NO. 7523; CORREA, NO. 4210; DIZON, NO. 110; LAZANO, NO. 554; AND MASON, NO. 1703, MCGUIRE NO. 4214, INDIVIDUALLY AND SAN FRANCISCO POLICE OFFICERS, | Trial Date:        November 17, 2008 |
| Defendants. | |

Pursuant to Federal Rule of Civil Procedure 26(c) the parties have met and conferred and agree that the discovery of CONFIDENTIAL INFORMATION in this matter be made pursuant to the terms of this PROTECTIVE ORDER.

1  GOOD CAUSE APPEARING, the parties stipulate, though their attorneys of record, to the
2  entry of an order as follows:

3  1. CONFIDENTIAL INFORMATION, within the meaning of this PROTECTIVE ORDER, shall include all documents containing peace officer personnel records, official information and any other such documents that defendants in good faith have determined to be confidential. Defendants shall attempt to stamp "Confidential" on all such documents prior to production. In the event that any CONFIDENTIAL INFORMATION is inadvertently not stamped as "Confidential" by defendants, the party who notices this oversight shall immediately make it known to the other parties and the documents shall immediately be stamped as "Confidential" and treated as such, as per this order.

13  2. Plaintiff may challenge defendants' designation of a particular document as CONFIDENTIAL INFORMATION by filing an appropriate motion, under seal, with the Court. The parties agree that the prevailing party in a motion to remove the confidential designation shall waive any entitlement to monetary sanctions, including attorney's fees.

18  3. Unless disclosure is ordered by the Court, attorneys for defendants shall have the sole authority to determine that documents subject to the PROTECTIVE ORDER are no longer considered CONFIDENTIAL INFORMATION and will advise counsel for plaintiff in writing if this determination is made.

22  4. Plaintiff's Counsel may exhibit, discuss, and/or disclose CONFIDENTIAL INFORMATION only in connection with prosecution of the above-captioned lawsuit and only to the following categories of person and no other unless authorized by order of the Court:

26  a. Plaintiff's Counsel;
27  b. Experts, investigators or consultants retained by Plaintiff's Counsel to assist in
28  the evaluation, preparation, or trial of this case; however, before any expert, investigator, or

STIPULATION AND PROTECTIVE ORDER  2  n:\lit\li2007\071621\00479745.doc
CASE NO. C 07 2861

1  consultant is permitted to review the CONFIDENTIAL INFORMATION, such individual must agree
2  to comply with the terms of this PROTECTIVE ORDER by executing written confirmation of the
3  receipt and acknowledgment of the terms of this stipulation and order. Plaintiff's counsel shall file
4  and serve that written confirmation upon its execution; however, Plaintiff's counsel shall not be
5  required to file any Agreement to Comply any earlier than the date that Expert Disclosures are
6  required to be made. Experts, investigators, and consultants shall not have any power to authorize
7  further disclosure of CONFIDENTIAL INFORMATION to any other person.

8      5.    Counsel for Plaintiff may not provide originals or copies of the
9  CONFIDENTIAL INFORMATION to any plaintiff absent the written
10 agreement of counsel for the City or a court order, subject to the following:

11     a.    For purposes of evaluating the settlement value or potential jury
12 verdict, counsel for Plaintiff may discuss the general nature of the
13 CONFIDENTIAL INFORMATION with plaintiffs without disclosing any
14 identifying details about a specific incident or any documents. Plaintiffs'
15 counsel may also review with a plaintiff any statement or interview given by
16 that plaintiff.

17     6.    Unless otherwise stipulated to by defendants, any use of CONFIDENTIAL
18 INFORMATION or comment on the substance of any CONFIDENTIAL
19 INFORMATION in any papers or pleadings filed with the Court, shall be filed
20 under seal pursuant to the Court's rules and procedures (see Northern District
21 of California Civil Local Rule 79-5). The sealed envelopes shall be endorsed
22 with the caption of this litigation, and an indication of the nature of the
23 contents of the envelopes and a statement substantially in the following form:

"This envelope contains documents that are filed in this case pursuant to a Protective Order and are not to be opened nor the contents thereof to be displayed or revealed except by further order of the Court or written consent of the City and County of San Francisco."

24
25
26
27     7.    In the event any person desires to exhibit documents or disclose
28 CONFIDENTIAL INFORMATION covered under this stipulation during trial

STIPULATION AND PROTECTIVE ORDER   3   n:\lit\li2007\071621\00479745.doc
CASE NO. C 07 2861

|    |     |                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                |
|----|-----|--|

1 | | or pretrial proceedings, such person shall meet and confer with counsel for
2 | | defendants to reach an agreement, in accordance with the Court's rules and
3 | | procedures, on an appropriate method for disclosure, and if defendants do not
4 | | agree to such disclosure, such CONFIDENTIAL INFORMATION shall not be
5 | | disclosed unless authorized by order of the Court. Unless otherwise agreed,
6 | | transcripts and exhibits that incorporate or reference CONFIDENTIAL
7 | | INFORMATION covered under this stipulation shall be treated as
8 | | CONFIDENTIAL INFORMATION that is subject to the provisions of this
9 | | PROTECTIVE ORDER. The Court Reporter shall mark as "Confidential" any
10 | | deposition or hearing transcript that contains any CONFIDENTIAL
11 | | INFORMATION or any reference to CONFIDENTIAL INFORMATION.
12 | 8. | Any inadvertent disclosure made in violation of this PROTECTIVE ORDER
13 | | shall be immediately corrected by the offending party and does not constitute a
14 | | waiver of the terms of this PROTECTIVE ORDER, except by written
15 | | agreement of the parties, or further order of this Court.
16 | 9. | All documents covered by this PROTECTIVE ORDER and copies thereof
17 | | (including those in the possession of experts, consultants, *etc.*) will be returned
18 | | to the San Francisco City Attorney's Office at the termination of this litigation.
19 | | On final disposition of this case, plaintiff's counsel shall within 30 days after
20 | | the final disposition of this case, without request or further order of this Court,
21 | | return all CONFIDENTIAL INFORMATION to the Deputy City Attorney of
22 | | record in this matter. The provisions of this PROTECTIVE ORDER shall,
23 | | without further order of the Court, continue to be binding after the conclusion
24 | | of the action, and this Court will have jurisdiction to enforce the terms of this
25 | | PROTECTIVE ORDER.
26 | 10. | Should plaintiff(s) fail to comply with this PROTECTIVE ORDER, plaintiff(s)
27 | | and plaintiffs' counsel shall be liable for all costs associated with enforcing this
28 | | agreement, including but not limited to all attorney fees in amounts to be

STIPULATION AND PROTECTIVE ORDER    4    n:\lit\li2007\071621\00479745.doc
CASE NO. C 07 2861

1  determined by the Court.  Plaintiff and plaintiff's counsel may also be subject
2  to additional sanctions or remedial measures, such as contempt, evidentiary or
3  terminating sanctions.
4      IT IS SO STIPULATED.
5  Dated: 7-4-08

    DENNIS J. HERRERA
    City Attorney
    JOANNE HOEPER
    Chief Trial Deputy
    JAMES F. HANNAWALT
    Deputy City Attorney

By: _____
    JAMES F. HANNAWALT
    Attorneys for Defendant
    CITY AND COUNTY OF SAN FRANCISCO ET AL

14  Dated: _____

By: _____
    HARRIET ROSS
    Attorneys for Plaintiffs

STIPULATION AND PROTECTIVE ORDER      5      n:\lit\li2007\071621\00479745.doc
CASE NO. C 07 2861

# ORDER

PURSUANT TO STIPULATION IT IS SO ORDERED

Dated: _____

THE HONORABLE SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE