IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY GIVENS, | No. C 07-2861 SI |
| Plaintiff, | **ORDER RE: DISCOVERY** |
| v. | |
| CITY AND COUNTY OF SAN FRANCISCO, *et al.*, | |
| Defendants. / | |

The parties have submitted letter briefs concerning several discovery disputes.[1]

Defendants seek an order compelling plaintiff to answer questions about plaintiff's real estate transactions, as well as an order compelling plaintiff to produce documents that plaintiff claims substantiate his alleged economic damages. According to defendant, plaintiff claims that as a result of defendants' alleged excessive force, he has suffered a loss of income from his real estate investment business. At plaintiff's deposition, plaintiff refused to answer questions about his real estate investment business. Plaintiff has also refused to enter into a stipulation agreeing not to seek income or economic loss in exchange for defendants' offer not to propound discovery on the subject.

Plaintiff does not deny that his real estate investment business is relevant to his claim for economic damages. Instead, plaintiff asserts that "he does not want to have other people involved in his litigation other than actual witnesses to the event which resulted in the lawsuit." Docket No. 41. Plaintiff cannot have it both ways. By claiming income loss as a result of the alleged excessive force, plaintiff has made his real estate investment business relevant to this lawsuit. If plaintiff intends to

---

[1] The letter briefs are found at Docket Nos. 40-42.

1  pursue his claim for damages related to his real estate investment business, defendants are entitled to
2  question plaintiff about his business. Relatedly, plaintiff must produce documents regarding his claimed
3  economic damages.

4      Defendants also seek an order compelling plaintiff to answer questions about his prior arrests
5  by the San Francisco Police Department. At plaintiff's April 15, 2008 deposition, plaintiff refused to
6  answer questions on the topic. According to defendants, counsel met and conferred during the
7  deposition, and plaintiff's counsel objected that she had not been provided copies of the police reports
8  related to plaintiff's prior arrests. Defendants provided the reports to plaintiff's counsel, and the parties
9  agreed to continue plaintiff's deposition until April 23, 2008 to allow plaintiff's counsel the opportunity
10 to review the reports. However, at the April 23, 2008 deposition, plaintiff again refused to answer any
11 questions about his prior arrests. Defendants assert that the prior arrests are potentially relevant to the
12 issue of plaintiff's bias, while plaintiff argues that the arrests are not relevant because none of the prior
13 arrests led to a lawsuit for excessive force. Defendants also seek $816.98 in costs that they incurred as
14 a result of the second deposition.

15     The Court finds that defendants are entitled to question plaintiff about his prior arrests because
16 those arrests might be relevant to plaintiff's frame of mind at the time of the incident giving rise to this
17 lawsuit. The Court makes no determination at this time regarding the admissibility of any evidence
18 regarding plaintiff's prior arrests. The Court also finds that it is fair to require plaintiff to reimburse
19 defendants for the cost of the second deposition. Plaintiff's deposition was continued with the
20 understanding that defense counsel would question plaintiff about his prior arrests on the second day
21 of deposition. If plaintiff did not intend to answer any questions about his prior arrests, plaintiff should
22 have informed defense counsel prior to April 23, 2008 so the parties could resolve the dispute without
23 incurring unnecessary deposition costs.

24     Finally, plaintiff states that defendants have refused to produce various documents and
25 information related to individual defendants. Defendants state that plaintiff's counsel did not meet and
26 confer with defendants prior to raising this issue with the Court. Defendants also state that they have
27 agreed to produce certain documents subject to the stipulated protective order. Accordingly, the Court
28 directs the parties to meet and confer, and if there continues to be a dispute regarding defendants'

document production, plaintiff may file a new letter brief.[2]

Accordingly, the parties shall meet and confer to reschedule plaintiff's deposition. Plaintiff shall produce documents related to his claim for economic damages and his real estate transaction business prior to the deposition. The parties shall meet and confer regarding the matters raised in plaintiff's letter brief. Plaintiff shall reimburse defendants for the cost of the April 23, 2008 deposition. Defendants shall provide the information described in footnote 2 of this order no later than **July 18, 2008**.

**IT IS SO ORDERED.**

Dated: July 9, 2008

SUSAN ILLSTON
United States District Judge

---

[2] The Court notes that plaintiff states that during the depositions of several of the individual defendants, "it was disclosed" that excessive force lawsuits had been filed against two of the defendants. Plaintiff states that defendants refused to provide the case names and numbers of these cases on the ground that such information was publicly accessible. Although the circumstances surrounding plaintiff's request for this information are somewhat unclear from the parties' papers, the Court finds that plaintiff is entitled to this information and directs defendants to provide it.